Debora Kristensen Grasham (ISB # 5337)
dkk@givenspursley.com
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701
Telephone:  (208) 388-1200
Facsimile:  (208) 388-1300

Katherine A. Keating (*Pro Hac Vice pending*)
katherine.keating@bclplaw.com
Jonathan G. Fetterly (*Pro Hac Vice pending*)
jon.fetterly@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone:  (415) 675-3400
Facsimile:  (415) 675-3434

*Attorneys for Courthouse News Service*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>                Plaintiff,<br><br>      v.<br><br>SARA OMUNDSON, in her official capacity<br>as Administrative Director of Idaho Courts,<br><br>               Defendant. | Case No:<br><br><br>**COMPLAINT** |

Plaintiff, Courthouse News Service ("Courthouse News"), by and through its undersigned attorneys, alleges as follows against Defendant Sara Omundson, in her official capacity as Administrative Director of Idaho Courts ("Defendant"):

## INTRODUCTION & BACKGROUND

1.      Since time beyond memory, the press has reviewed new civil complaints when they crossed the intake counter in American courts. During the transition from paper to electronic court records, federal courts and many state courts kept that tradition in place. But a group of state court clerks and administrators abandoned it. They withheld new electronically filed ("e-filed") complaints until entry into the docket, delaying access and damaging the news. That group includes the Administrative Office of Idaho Courts, which oversees and maintains the statewide e-filing and case management systems.

2.      The District Courts for the State of Idaho ("Idaho Courts") moved from paper to electronic filing in 2016, and since that time, Courthouse News has been asking Idaho state court officials to restore traditional access to new civil complaints, *i.e.*, access upon receipt and without the delays caused by administrative processing. Courthouse News recently renewed this request, and Defendant denied it.

3.      The means for providing traditional, on-receipt access in an electronic environment exists in the form of a "Press Review Queue" provided by the vendor from whom the Idaho Courts license their e-filing software, Tyler Technologies, Inc. ("Tyler"). Tyler has installed Press Review Queues for other court clients who use the same Tyler "File & Serve" software used by the Idaho Courts. The Press Review Queue provides news reporters with traditional access to new e-filed complaints when they are received by the court, while they sit in an electronic queue waiting for manual docket entry and processing by court staff. It works very much like the box or cart at the clerk's intake counter that historically held new paper-filed complaints. The Press Review Queue software is readily available to any court clerk or administrator who requests it from Tyler.

4.     Defendant could use the Press Review Queue as a means of providing access to new nonconfidential civil complaints e-filed with Idaho Courts, but Defendant instead enforces a no-access-before-processing policy, which keeps the existence of new lawsuits secret until Idaho Courts choose to disclose them.

5.     As a result of this policy, new e-filed civil complaints are regularly withheld from the press and public until after they have been processed by court staff, resulting in delayed access. Courthouse News tracked approximately 960 new civil complaints e-filed with the Idaho Courts in May and June 2021. Courthouse News was only able to access approximately *46%* of the new e-filed complaints on the day they were filed, with access to approximately *39%* of the complaints delayed by one court day, and access to approximately *14%* of them delayed by two court days or longer.

6.     On June 14, 2021, Courthouse News sent a letter to Defendant requesting that she stop withholding access to new civil complains until after processing and that the Idaho Courts provide access to new e-filed complaints though a Press Review Queue. A copy of this letter is attached as **Exhibit 1**.

7.     On July 6, 2021, Defendant sent a letter to Courthouse News in which she stated she had reviewed the courts' records and "did not find a statewide or Ada County delay that was currently ongoing and persistent." Defendant concluded by stating: "At this time, I do not intend to request the addition of a public access system for documents that have been submitted to Tyler's File and Serve system, but have not yet been accepted for filing by the court clerks' offices." A copy of this letter is attached as **Exhibit 2**.

8.     Courthouse News brings this action under the First Amendment of the United States Constitution to challenge Defendant's policy and practice of withholding public and press

access to new civil complaints e-filed with Idaho Courts, which operate under the supervision and control of the office of the Administrative Director of Idaho Courts.

## JURISDICTION AND VENUE

9.      Courthouse News' claims arise under the First and Fourteenth Amendments to the U.S. Constitution and the Civil Rights Act, Title 42 U.S.C. § 1983, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 2201 (declaratory relief). Defendant is subject to personal jurisdiction in this District.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) and in this Division, because a substantial part of the events or omissions giving rise to Courthouse News' claims occurred in this District and in this Division. The First Amendment violations giving rise to this action took place throughout the state of Idaho at each of the Idaho Courts.

## PARTIES

11.     Courthouse News is a nationwide news service founded almost 30 years ago out of a belief that a great deal of news about civil litigation went unreported by traditional news media, a trend that has only increased in the last decade. Courthouse News now employs approximately 240 people, most of them editors and reporters, covering state and federal trial and appellate courts in all 50 states in the United States.

12.     Defendant is the Administrative Director of Idaho Courts and is named as a defendant herein in that official capacity. Defendant, in her official capacity, is responsible for, among other things, the administration of the statewide e-filing and case management systems used by the Idaho Courts and public access to court records through those systems, including through any systems licensed from or otherwise provided by third parties, such as Tyler.

13.     Acting in her official capacity, Defendant and those acting under her direction and supervision are directly involved with and/or responsible for the delays in access to new

complaints experienced by Courthouse News and other members of the press, which acts reflect the official policies and practices of Defendant's office.

14.     Defendant's actions, as alleged in this Complaint, are under the color of Idaho law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

15.     Defendant is sued in her official capacity only. Courthouse News seeks relief against Defendant as well as her agents, assistants, successors, employees, and all persons acting in concert or cooperation with her or at her direction or under her control.

## FACTS

### Courthouse News' News Reporting Activities

16.     Courthouse News offers its readers a variety of publications. Courthouse News publishes a free website, www.courthousenews.com, featuring news reports and commentary read by roughly 30,000 people every weekday. The website functions like a daily newspaper, featuring staff-written articles from across the nation, posted throughout each day and rotated off the page on a 24-hour news cycle. On a subscription basis, Courthouse News publishes the *Daily Brief* covering opinions from all state and federal courts as well as significant rulings from federal district courts.  Also on a subscription basis, Courthouse News publishes *New Litigation Reports* containing original, staff-written summaries of significant new civil complaints, sent to subscribers via e-mail each evening.

17.     Courthouse News has been credited as the original source of reporting on various topics by a wide range of publications, such as: *ABA Journal*, ABC News, *The Atlantic*, *Austin American Statesman*, Black Christian News Network, *California Bar Journal*, CBS News, *The Christian Science Monitor*, The Daily Beast, *The Dallas Morning News*, Forbes, Fox News, *The*

*Guardian*, The Hill, *Houston Chronicle*, The Huffington Post, *Long Island Press*, *Los Angeles Times*, *Mother Jones*, National Public Radio (NPR), NBC News, *New York Daily News*, *New York Magazine*, *The New York Times*, *The Orange County Register*, Politico, *Rolling Stone*, *Salt Lake City Tribune, San Antonio Express-News*, Slate, *The Telegraph* (UK), *The Wall Street Journal*, *The Washington Post*, *The Washington Times*, *Women's Health Policy Report*, United Press International (UPI), *USA Today*, *U.S. News and World Report,* and the YouTube news channel. American, Canadian, and New Zealand radio shows have also interviewed Courthouse News reporters.

18.    Courthouse News has more than 2,200 subscribers nationwide, including law firms, law schools, government offices, and news outlets such as: The Associated Press, *Austin American-Statesman*, *The Atlanta Journal Constitution*, *The Boston Globe*, Buzzfeed, CNN, *The Dallas Morning News*, *Detroit Free Press*, International Consortium of Investigative Journalists, Fox Entertainment Group, *Honolulu Civil Beat, Las Vegas Review Journal, Los Angeles Business Journal, Los Angeles Times*, North Jersey Media Group, *Pacific Coast Business Times, Portland Business Journal, St. Paul Business Journal, The Salt Lake Tribune*, *The San Jose Mercury News, San Antonio Express News*, *Tampa Bay Business Journal*, *The Wall Street Journal*, Variety, Walt Disney Company, and Warner Bros.

19.    The *New Litigation Report* published by Courthouse News that covers the Idaho courts is titled *The Big Sky Report,* reporting on courts in Montana, Wyoming, and Idaho. This publication covers civil complaints, focusing on actions brought against business institutions and public entities. Courthouse News' reporters do not cover family law matters, name changes, probate filings, most mortgage foreclosures, or collection actions against individuals unless the

individual is well-known or otherwise notable. The *Big Sky Report* covers all district courts in Idaho every court day, and it is emailed to subscribers every evening.

20.     Courthouse News does not seek to review or report on the small number of new civil complaints that are statutorily confidential or accompanied by a motion to seal for a judicial determination of whether the complaint should be confidential.

21.     The *Big Sky Report* covers civil actions filed in United States District Court for the District of Idaho and in all state district courts in Idaho. It has 51 subscribing institutions that include most of the state's major law firms.

22.     To prepare the *New Litigation Reports* and identify new cases that may warrant a website article, Courthouse News' reporters review all the complaints filed with their assigned court to determine which are of interest to Courthouse News' readers. Given the nature of the coverage in the *New Litigation Reports* and its other news publications, including its website, any delay in the ability of a reporter to obtain and review new complaints necessarily holds up the reporting on factual and legal controversies for subscribers and readers.

23.     Courthouse News has reported on new civil complaints filed in Idaho since at least 2003, when it began covering the United States District Court for the District of Idaho. Courthouse News started covering the Idaho Courts in 2008, when it began covering the Ada County District Court. Until 2016, Courthouse News' reporters were able to review new civil complaints filed in Ada County District Court on the day they crossed the intake counter.

24.     When Idaho Courts moved from paper to electronic filing in 2016, under the supervision and control of the office of the Administrative Director of Idaho Courts, Courthouse News requested a Press Review Queue (referred to as an "electronic in-box" at that time) similar to those operating in Nevada and Georgia, employing the same Tyler e-filing software that is

employed by the Idaho Courts. Those requests never bore fruit, and Idaho Courts continue to withhold new e-filings past the point of filing until they have been processed, resulting in substantial and ongoing delays in access.

25.     Courthouse News currently covers all of the Idaho Courts. In order to view and report on new complaints e-filed at Idaho Courts, a Courthouse News' reporter visits a local courthouse on a daily basis and uses a public access terminal through which new complaints are made available to the press and public for viewing by the Idaho Courts once they are processed. The access terminals are available to the press and public only during courthouse business hours, which means access to new civil complaints cuts off each day at 5:00 p.m. when the court closes.

26.     As noted above, prior to commencing this action, Courthouse News tracked and compiled access data for approximately 960 new civil complaints e-filed with the Idaho Courts during the months of May and June 2021, noting delays between when new complaints were received by the Court for filing and when a Courthouse News' reporter was able to see them. Courthouse News was able to access only approximately *46%* of the new e-filed complaints on the day they were filed, with access to approximately *39%* of the complaints delayed by one court day, and access to approximately *14%* of them delayed by two court days or longer.

27.     Examples of more extreme delays were also common during this period. For instance, on June 8, 2021, a group of individual plaintiffs e-filed a new complaint for declaratory and injunctive relief against Kootenai County and the Kootenai County Board of Commissioners, in their official capacities. The plaintiffs asserted claims for violations of due process under both the U.S. Constitution and Idaho law, alleging the defendants enacted an unprecedented new law that made a no-wake zone for the entirety of the Spokane River, Fernan Lake, and Lower Twin Lake without providing sufficient public notice, and contrary to

recommendations from other government bodies. This newsworthy complaint, which was e-filed

in the District Court for the First Judicial District for the County of Kootenai and assigned Case

Number CV28-21-4053, was withheld from the press and public for **at least 12 court days** before

it was processed and made available to the press and public.

### A First Amendment Right of Access Attaches to Civil Complaints When the Court Receives Them

28.     A right of access grounded in the First Amendment applies to non-confidential

civil complaints.

29.     The analysis of a claim alleging a violation of the First Amendment right of

access to court documents typically involves a two-step process. The first step is to determine

whether, as a general matter, there is a First Amendment right of access to a particular court

proceeding or document. If the answer to that question is "yes," the court proceeds to the second

step, which is to determine if the restrictions on access to that court process or document satisfy

constitutional scrutiny. *See, e.g., Courthouse News Service v. Planet,* 947 F.3d at 581, 589-97

(9th Cir. 2020) ("*Planet III*") (discussing and applying two-step process established by *Press-*

*Enterprise Co. v. Superior Court* ("*Press-Enterprise II*"), 478 U.S. 1 (1986)).

30.     In *Planet III*, the Ninth Circuit applied this two-step process to a California

Superior Court clerk's policy and practice of withholding access to new civil complaints until

after administrative processing. Applying the "experience" and "logic" test of *Press-Enterprise*

*II*, the Ninth Circuit addressed and conclusively resolved the first step by holding that the press

has a qualified right of timely access to newly-filed civil complaints that attaches when the

complaint is filed, *i.e.*, when the complaint is received by the court. *Id.* at 585, 588, 591.

31.     Turning to the second step, *Planet III* determined that the clerk had failed to

"demonstrate … that there is a 'substantial probability' that its [asserted] interest[s]" to support

withholding access to new civil complaints until after administrative processing "would be impaired by immediate access, and … that no reasonable alternatives exist to 'adequately protect' that government interest." *Id*. at 596 (citing and quoting *Press-Enterprise II*, 478 U.S. at 14). The clerk's policy of withholding access to new civil complaints until after administrative processing thus failed both prongs of the *Press-Enterprise II* test and violated Courthouse News' First Amendment right of timely access to new civil complaints. *See id*. at 596-600.

32.     On remand following *Planet III*, the District Court in the *Planet* case entered an Amended Judgment for Declaratory and Injunctive Relief reflecting the holding from *Planet III* that a qualified First Amendment right of timely access attaches "when new complaints are received by a court, rather than after they are 'processed.'" *Courthouse News Service v. Planet*, 2021 WL 1605216, *1 (C.D. Cal. 2021) ("*Planet* Amended Judgment").

### Defendant Cannot Justify Her Practice of Withholding Access to New Civil Complaints Until After Administrative Processing

33.     Where, as here, the First Amendment right of access applies, it attaches upon receipt, and any delays in access must be justified under constitutional scrutiny.

34.     Turning back to the second analytical step of a claim alleging a violation of the First Amendment right of access, after the court determines the right of access attaches to a particular process or document, access may be restricted only if "closure is essential to preserve higher values and is narrowly tailored to serve those interests." *Press-Enterprise II*, 478 U.S. at 13-14; *accord Planet III*, 947 F.3d at 596; *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Here, Defendant's policies do not preserve higher values and, even if they do, they are not narrowly tailored.

35.     Since Defendant's adoption of mandatory e-filing, access delays in Idaho Courts have been commonplace and continuous. Unlike most federal district courts and many state

courts, the Idaho Courts do not make newly-filed complaints available upon receipt by the court. Instead, they withhold the complaints until after court staff have processed them. As a direct result, there are delays between the e-filing of a new complaint and when it is made available to the press and the public.

36.     These delays are unnecessary and easily avoidable, as demonstrated by the timely access provided by federal and state courts across the country using alternatives that are readily available to Defendant and the Idaho Courts.

37.     Historically, before e-filing, reporters covering the courts could review and report on newly-filed, paper civil complaints on the day of filing by looking at them at the courthouse, typically at the end of each court day. As was the case at the Ada County District Court, this access generally occurred via a media box, bucket, or cart available to the press regardless of whether the complaints had been docketed (or "processed" – the term now often used by courts).

38.     E-filing makes it even easier for courts to provide timely access to new complaints. Instead of basic intake work being done by clerks at an intake counter, that work is now done by e-filing software, which filers use to enter case information and whatever minimum submission requirements the court specifies before submitting their e-filings to the court. Based on the case designation supplied by the filer, the e-filing software can sort new, non-confidential complaints and automatically make them available to the press and public contemporaneously upon their receipt by the court.

39.     The vast majority of federal courts and many state courts configure their e-filing and case management systems to automatically allow access to non-confidential civil complaints upon their receipt by the court. State courts that provide on-receipt access include courts in Hawaii, California, Washington, Utah, Alabama, Georgia, Connecticut, New York, and soon in

Arizona. Those e-filing systems vary between public and private ownership of the software and between those that automatically enter new complaints into the docket and those that require manual "processing" into the docket but allow press access to the processing queue. The e-filing systems that provide this access have been developed by ten different private and public software creators. They share one critical attribute: they all provide access on receipt.

40.     Within that group of e-filing systems, one has been developed and licensed by Texas-based Tyler. Tyler has developed and installed a Press Review Queue program in three states: California, Nevada, and Georgia. The Press Review Queue allows reporters to review the new public complaints as they flow into the clerk's processing queue. The first Press Review Queue of which Courthouse News is aware was put in place in or about 2010 in Nevada (Clark County Superior Court in Las Vegas) by a software company called Wiznet that was soon after acquired by Tyler, which in a sense inherited the program. Tyler then touted the Press Review Queue in its early literature and installed it upon clerk request by courts in Georgia and California, including superior courts in the California counties of Fresno, Kern, Santa Clara, Monterey, and Santa Barbara. Clark County Superior Court in Las Vegas – still relying on Tyler – now automatically sends its new complaints into the public docket upon receipt.

41.     In 2016, when the Idaho Courts moved to e-filing through software licensed from Tyler, Courthouse News asked then Ada County District Clerk, Christopher Rich, for a Press Review Queue. A copy of this letter is attached as **Exhibit 3**.

42.     In response, Mr. Rich wrote to Interim Administrative Director of Idaho Courts, Justice Linda Copple Trout, explaining that the Ada County court provided Courthouse News with "same day access to the paper record," and that Courthouse News "is [now] seeking same day access to the digital records […] via a public terminal that would have access to a queue

specifically designed for this purpose." Mr. Rich concluded his letter by referring Courthouse News' request to the office of the Administrative Director of Courts, stating: "As Clerk, I am not in a position to assist [Courthouse News]. Hence this introduction to the parties that can resolve the matter." A copy of this letter is attached as **Exhibit 4**.

43.     Through a series of communications that stretched into 2017, Courthouse News discussed its request with legal counsel for the Idaho Supreme Court. These communications did not result in a clear "yes" or "no" to Courthouse News' request for pre-processing access to new e-filed civil complaints through a Press Review Queue.

44.     As noted above, Courthouse News renewed its request for pre-processing access to new e-filed civil complaints through a Press Review Queue in June 2021. Defendant denied that request. *See* Exhibits 1 and 2.

45.     Defendant's office has not provided access to a Press Review Queue despite Courthouse News' requests. Meanwhile, as noted above, Courthouse News continues to experience delays in access to new e-filed civil complaints as a result of Defendant's policy and practice of withholding access to them until after processing.

46.     Defendant cannot satisfy her burden of justifying the delays in access to new e-filed complaints under constitutional scrutiny. Defendant cannot identify a compelling governmental interest justifying her policy and practice of withholding access to non-confidential civil complaints until after processing. Defendant also cannot establish that her policy and practice is narrowly tailored because her office already possesses or has access to one of many readily-available alternatives that is capable of meeting courts' needs while at the same time providing timely access to new e-filed complaints, *e.g.*, the Press Review Queue.

## COUNT ONE
### Violation of U.S. Const. Amend. I and 42 U.S.C. § 1983

47.     Courthouse News incorporates the allegations of Paragraphs 1-46 herein.

48.     Defendant's actions under color of state law, including, without limitation, her policy and practice of withholding newly filed civil complaints from press and public view until after administrative processing, and the resulting denial of timely access to new civil complaints upon receipt for filing, deprives Courthouse News, and by extension its subscribers, of their right of access to public court records secured by the First Amendment to the U.S. Constitution.

49.     The presumption of access to new civil complaints, which arises when those complaints are filed at Idaho Courts, may be restricted only if closure is essential to preserve higher values and is narrowly tailored to serve those interests. *Planet III*, 947 F.3d at 594-95 (citing *Press-Enterprise II*). For Defendant's no-access-before-processing policy to "survive *Press-Enterprise II*'s two-prong balancing test" (*i.e.*, "rigorous" scrutiny), Defendant "must demonstrate that there is a 'substantial probability' that its [asserted] interest[s]… would be impaired by immediate access, and second, that no reasonable alternatives exist to 'adequately protect' that government interest." *Planet III*, 947 F.3d at 596. Defendant cannot satisfy this test.

50.     Courthouse News has no adequate and speedy remedy at law to prevent or redress Defendant's unconstitutional actions and will suffer irreparable harm as a result of Defendant's violation of its First Amendment rights. Courthouse News is therefore entitled to a declaratory judgment and a preliminary and permanent injunction to prevent further deprivation of the First Amendment rights guaranteed to it and its subscribers.

## PRAYER FOR RELIEF

WHEREFORE, Courthouse News prays for judgment against Defendant as follows:

1.      A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring Defendant's policies and practices that knowingly affect delays in access to newly filed civil unlimited complaints, including, *inter alia*, her policy and practice of denying access to complaints until after administrative processing, are unconstitutional under the First and Fourteenth Amendments to the United States Constitution because these policies and practices constitute an effective denial of timely public access to new civil complaints, which are public court records to which the First Amendment right of access applies;

2.      A preliminary and permanent injunction against Defendant, including her agents, assistants, successors, employees, and all persons acting in concert or cooperation with her, or at her direction or under her control, prohibiting her from continuing her policies and practices that deny Courthouse News timely access to new non-confidential civil complaints, including, *inter alia*, her policy and practice of denying access to complaints until after administrative processing;

3.      An award of costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

4.      All other relief the Court deems just and proper.

DATED this 23rd day of July, 2021.

GIVENS PURSLEY LLP


    */s/ Debora K. Grasham*
Debora Kristensen Grasham
*Attorneys for Courthouse News Service*

COMPLAINT - 15

EXHIBIT 1

EXHIBIT 1

# GIVENS PURSLEY LLP

## Attorneys and Counselors at Law

601 W. Bannock Street
PO Box 2720
Boise, ID 83701
Telephone: 208-388-1200
Facsimile: 208-388-1300

www.givenspursley.com

Debora Kristensen Grasham
208 388 1287
dkk@givenspursley.com

| | | |
|---|---|---|
| Gary G. Allen | Kersti H. Kennedy | Samuel F. Parry |
| Charlie S. Baser | Neal A. Koskella | Randall A. Peterman |
| Christopher J. Beeson | Michael P. Lawrence | Blake W. Ringer |
| Jason J. Blakley | Franklin G. Lee | Michael O. Roe |
| Clint R. Bolinder | David R. Lombardi | Cameron D. Warr |
| Jeff W. Bower | Lars E. Lundberg | Robert B. White |
| Preston N. Carter | Kimberly D. Maloney | Michael V. Woodhouse |
| Jeremy C. Chou | Kenneth R. McClure | |
| Michael C. Creamer | Kelly Greene McConnell | |
| Amber N. Dina | Alex P. McLaughlin | William C. Cole (Of Counsel) |
| Bradley J. Dixon | Melodie A. McQuade | |
| Thomas E. Dvorak | Christopher H. Meyer | |
| Debora Kristensen Grasham | L. Edward Miller | Kenneth L. Pursley (1940-2015) |
| Donald Z. Gray | Judson B. Montgomery | James A. McClure (1924-2011) |
| Alex J. Gross | Deborah E. Nelson | Raymond D. Givens (1917-2008) |
| Brian J. Holleran | W. Hugh O'Riordan, LL.M. | |

June 14, 2021

**VIA EMAIL:** sthomas@idcourts.net

Sara Thomas
Administrative Director of the Courts
Idaho Administrative Office of the Courts
451 West State Street
P.O. Box 83720
Boise, ID 83720-0101

Re:    *Access to Newly Filed Civil Complaints in Idaho State Courts*

Dear Ms. Thomas:

I represent Courthouse News Service ("CNS"), a nationwide news organization that reports on new civil litigation filings. I am writing on behalf of CNS to express its continuing concerns with delays in access to newly filed civil complaints and to respectfully request that Idaho's state courts employ an electronic media inbox in order to provide CNS (and the public) with timely access to new civil complaints.

As you may recall, I made a similar request on behalf of CNS in 2016, when the Idaho state courts' adoption of mandatory e-filing resulted in delayed access to new civil complaints in  the Fourth Judicial District Court in and for Ada County  ("Ada County"). Prior to the adoption of e-filing, Ada County provided CNS with same day access to new paper-filed civil complaints. This changed, however, with the move to e-filing. New e-filed civil complaints have been, and continue to be, withheld from the press and public until after they are processed by court staff, resulting in delayed access. Enclosed is my correspondence with Ada County Court Clerk Christopher Rich from 2016, which provides additional background.

Sara Thomas
June 14, 2021
Page 2

This exchange of letters in 2016 led to constructive conversations with the Administrator's Office concerning CNS's request for an electronic media inbox. Unfortunately, these conversations stalled in early 2017. Among other reasons, we understand the Administrator's Office was monitoring the *CNS v. Planet* case – an action filed in federal court by CNS against a California state court clerk based on First Amendment violations resulting from the clerk's policy and practice of withholding access to new civil complaints until after they were processed. That case is now resolved.

In January 2020, the Ninth Circuit affirmed summary judgment for CNS in the *Planet* case, holding that a First Amendment right of action attaches to new complaints when they are filed, and that the clerk's policy and practice of withholding new complaints until after administrative processing violated CNS's First Amendment right of access. *CNS v. Planet*, 947 F.3d 581, 596-98 (9th Cir. 2020).

In January 2021, the district court in the *Planet* case entered an amended judgment for declaratory relief and permanent injunction, declaring that the First Amendment right of access attaches on receipt regardless of whether courts use paper filing or e-filing systems and permanently enjoining the clerk from refusing to make newly filed complaints available until after they are processed. *CNS v. Planet*, 2021 WL 1605216 (C.D. Cal. 2021).

With the law in this Circuit settled, we renew CNS's request for a media inbox to provide timely access to new civil complaints throughout Idaho without the delays associated with administrative processing.

A media inbox is a virtual "bin" where all new civil public court records are available for review by the press when they are received by the court, before internal/administrative processing. State courts provide such access through a variety of e-filing systems. Relevant to Idaho, Tyler Technologies provides a media inbox (referred to as a press review queue) to numerous state courts through its Odyssey e-filing system.

For reference, Tyler has installed media inboxes in numerous courts throughout California (e.g., Fresno, Kern, Monterey, Santa Barbara and Santa Clara Counties), as well as the Las Vegas court system and six state courts in the Atlanta metro area. The service requests used by courts to request a media inbox from Tyler simply require the clerk to fill out a form identifying the public case designations that will be available in the inbox. Tyler can put the queue in place within a month, according to Tyler representatives.[1]

---

[1] Other state courts across the nation similarly provide pre-processing access to new e-filed complaints through their e-filing systems, including through their own versions of media inboxes and through systems providing on-receipt public access similar to the access provided by federal courts through the PACER system. While there are variations in how state courts go about providing pre-processing access to new complaints, the timing of it does not vary – it is on receipt, when the new filings are fresh and newsworthy.

Sara Thomas
June 14, 2021
Page 3

Installation of a media inbox in Idaho would remedy the problem of delayed access to new complaints resulting from the Idaho courts' current policy of withholding access to those complaints until they are processed. It would also allow the press to report on new civil filings when they are fresh, which is when they are news. CNS is asking for access only to those civil filings that are in public case designations. It is not asking to see confidential or sealed cases, and it does not see those non-public cases in other courts that provide access to new complaints through media inboxes provided by Tyler.

Delays in access to new civil complaints in Ada County – and throughout Idaho – have been, and currently are, ongoing and persistent. The Administrator's Office can remedy this problem by making a simple request to Tyler that it implement a media inbox ("press review queue"). Accordingly, we respectfully ask that the Administrator's Office instruct Tyler to provide a media inbox in Idaho.

Given the ease with which the delays in access in Idaho can be resolved coupled with CNS's multi-year experience in dealing with such delays, CNS respectfully requests that the Administrator's Office let us know by **July 1, 2021**, whether it will agree to provide this instruction to Tyler and agree to provide pre-processing access to new e-filed civil complaints in all of Idaho's state courts.

We appreciate your timely attention to this matter.  Please feel free to contact me if you have any questions.

Sincerely,

Debora K. Grasham

DKG/SW
Enclosure
cc:     Jason Spillman, Legal Counsel, Idaho Supreme Court (*via email:* jspillman@idcourts.net)
15708437 [10429.2]

# GIVENS PURSLEY LLP

Attorneys and Counselors at Law

601 W. Bannock Street
PO Box 2720
Boise, ID 83701
Telephone: 208-388-1200
Facsimile: 208-388-1300

www.givenspursley.com

Debora K. Kristensen
208-388-1287
dkk@givenspursley.com

| | | |
|---|---|---|
| Gary G. Allen | Brian J. Holleran | Judson B. Montgomery |
| Peter G. Barton | Kersti H. Kennedy | Deborah E. Nelson |
| Christopher J. Beeson | Don E. Knickrehm | W. Hugh O'Riordan, LL.M. |
| Jason J. Blakley | Neal A. Koskella | Randall A. Peterman |
| Clint R. Bolinder | Debora K. Kristensen | Michael O. Roe |
| Erik J. Bolinder | Michael P. Lawrence | Jamie Caplan Smith |
| Jeff W. Bower | Franklin G. Lee | P. Mark Thompson |
| Preston N. Carter | David R. Lombardi | Jeffrey A. Warr |
| Jeremy C. Chou | Kimberly D. Maloney | Robert B. White |
| William C. Cole | Kenneth R. McClure | |
| Michael C. Creamer | Kelly Greene McConnell | |
| Amber N. Dina | Alex P. McLaughlin | Angela M. Reed, of counsel |
| Bradley J. Dixon | Melodie A. McQuade | |
| Thomas E. Dvorak | Christopher H. Meyer | Kenneth L. Pursley (1940-2015) |
| Jeffrey C. Fereday | L. Edward Miller | James A. McClure (1924-2011) |
| Martin C. Hendrickson | Patrick J. Miller | Raymond D. Givens (1917-2008) |

December 28, 2016

Michael Henderson
Legal Counsel, Idaho Supreme Court
P.O. Box 83720
Boise, ID 83720-0101

Re:    <u>Media Access To E-Filed Civil Complaints</u>

Dear Michael:

On behalf of Courthouse News Service ("CNS"), I write to follow up on CNS's concerns about delays in access to newly e-filed civil complaints in the e-filing environment. Although we have communicated several times about this issue since I brought it to your attention in May 2016, the solution CNS has suggested for resolving this anticipated problem – *i.e.,* the adoption of an electronic in-box, through which the media can see new e-filed complaints even if clerks have not yet completed their administrative tasks associated with a complaint's intake – has not been adopted. Meanwhile, the delays in access to e-filed complaints that CNS anticipated are in fact occurring in Ada County, where e-filing is now mandatory and the majority of new civil complaints cannot be seen for at least one court day, and often longer, while they are being administratively processed.

As a reminder, CNS is a nationwide news service that focuses on civil litigation in state and federal courts, from the filing of a new civil action on through to appellate arguments and rulings. CNS offers a variety of publications, including but not limited to its original, staff-written new litigation reports for subscribers. CNS also publishes a freely available website, www.courthousenews.com, which features staff-written articles and reaches roughly one million readers per month. CNS's subscribers include most of the nation's major law firms. Other media organizations also subscribe, from the *Los Angeles Times* in the West to *The Wall Street Journal* in the East, putting CNS in the position of a nationwide pool reporter.

On April 28, 2016, I wrote to Ada County Clerk Chris Rich to share with him CNS's concerns about the delays in access to newly filed civil complaints that tend to accompany the

Michael Henderson
December 28, 2016
Page 2

transition to e-filing unless steps are taken to ensure the press can see the day's complaints irrespective of whether administrative processing has been completed. Mr. Rich responded by letter dated May 6, referring my request to the Administrative Director of Courts and the Idaho Supreme Court's Chief Information Officer, indicating: "[t]he ability to create a queue within Odyssey, and to allow access to the queue, fall under the guidelines and authorities established by the Idaho Supreme Court." Copies of both letters are enclosed for your reference. Following an initial discussion with you in mid-May and several follow up emails, I provided you with a memorandum that gave further detail on the electronic in-box solution currently in use at other courts, including state courts that use Tyler's Odyssey case management and e-filing systems. A copy of that memorandum is also enclosed.

To date, we have not been advised as to whether the solution we have proposed to ensure the press has timely access to civil complaints in the e-filing environment is being considered. Meanwhile, the delays in access to e-filed complaints that CNS anticipated are in fact occurring in Ada County, where e-filing is now mandatory and the majority of new civil complaints cannot be seen for at least one court day, and often longer, while they are being administratively processed.[1]

These delays are not surprising. As we indicated in the enclosed memorandum, any number of factors, such as staff illnesses or vacations, holidays, or even something as simple as a staff birthday celebration may prevent clerks from completing the administrative tasks associated with the intake of a new complaint on the day those complaints are filed for one or more court days, resulting in delays in access. But as several courts have found, there is a First Amendment right of press and public access to complaints that is not contingent on those complaints having first been administratively processed, and even short delays in access to court records are effectively denials of access that implicate the constitutional right of access.

Courts have expressly ruled that the First Amendment provides a presumptive right of access to complaints, which "arises when a complaint is received by a court, rather than after it is 'processed.'" *Courthouse News Serv. v. Planet*, 2016 WL 4157210, *13 (C.D. Cal. May 26, 2016) (order on cross-motions for summary judgment); *Courthouse News Serv. v. Planet*, 2016 WL 4157354, *1 (C.D. Cal. June 14, 2016) (permanently enjoining California court clerk "from refusing to make newly filed unlimited civil complaints and their associated exhibits available to the public and press until after such complaints and associated exhibits are 'processed,' regardless of whether such complaints are filed in paper form or e-filed."); *accord Courthouse News Serv. v. Jackson*, 2009 WL 2163609, at *2-4, 11 (S.D. Tex. July 20, 2009) ("*Jackson*") (entering preliminary injunction where Houston court clerk's practice of delaying access to new civil petitions until after the completion of clerical duties "is effectively an access denial and is, therefore, unconstitutional" because "[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment.") (quoting *Grove Fresh Distribs., Inc. v.*

---

[1] Under § (e)1.A. of the Idaho Supreme Court's rule on electronic filing and service, a complaint is deemed "filed" when it is submitted electronically to the court and the electronic filing system receives the document.

Michael Henderson
December 28, 2016
Page 3

*Everfresh Juice Co.*, 24 F.3d 893, 897 (7ᵗʰ Cir. 1994); *see also Courthouse News Serv. v. Tingling*, U.S. Dist. Court Case No. 16-cv-08742 (ER) (S.D.N.Y. Dec. 16, 2016) (granting CNS's motion to preliminarily enjoin New York Supreme clerk "from denying access to newly filed civil complaints until after clerical processing" and to require the clerk to provide access to new complaints "in a timely manner upon receipt").

The principle that administrative processing is not a precondition to access applies equally in the paper and e-filing environment. In *Jackson*, the Houston clerk had adopted permissive e-filing and the court's ruling applied to both paper and e-filed complaints. *Jackson*, 2009 WL 2163609, at *2, 5. In *Planet*, the clerk's office had not yet moved to e-filing but had plans to do so, and as such the California federal district court that issued an injunction prohibiting the clerk from conditioning access on processing made clear that access upon receipt arises "regardless of whether such complaints are filed in paper form or e-filed." *Courthouse News Serv. v. Planet*, 2016 WL 4157354, *1 (C.D. Cal. June 14, 2016) (permanently enjoining California court clerk "from refusing to make newly filed unlimited civil complaints and their associated exhibits available to the public and press until after such complaints and associated exhibits are 'processed,' regardless of whether such complaints are filed in paper form or e-filed"). And the *Tingling* action was prompted by delays in access to new complaints that had not been a problem in the paper-filing environment but rather arose after a switch to e-filing and a practice by the clerk of not permitting access to e-filed complaints until after administrative processing.

These cases are consistent with decisions by many other courts finding that delays in access to court documents, even short ones, are effectively access denials that implicate the First Amendment. *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) (delaying access to court filing, even for "as little as a day," "delays access to news, and delay burdens the First Amendment"); *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1147 (9th Cir. 1983) (district court judge's withholding court records from public access for the first 48 hours after submission to determine if sealing was appropriate was "a total restraint on the public's first amendment right of access even though the restraint is limited in time" and was … "unconstitutional unless the strict test for denying access has been satisfied."); *accord, e.g., Doe v. Public Citizen*, 749 F.3d 246, 272 (4th Cir. 2014) ("Because the public benefits attendant with open proceedings are compromised by delayed disclosure of documents, we … emphasize that the public and press generally have a contemporaneous right of access to court documents … when the right applies"); *Grove Fresh*, 24 F.3d at 897 ("[i]n light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous").

As CNS has previously noted, it is relatively simple and very feasible for court clerks to provide timely access to newly e-filed civil complaints on receipt and prior to processing, as is currently being done by individual courts in Nevada, Georgia, Utah and Connecticut, statewide in Alabama, and in the vast majority of federal district courts. The ease with which this electronic in-box can be established is illustrated by the fact that Tyler, the e-filing vendor for the

Michael Henderson
December 28, 2016
Page 4


Georgia courts that adopted the electronic in-box, did not charge the courts any additional fees in order to set up electronic in-boxes that allow journalists to review new complaints on receipt for filing and before administrative processing.

In light of the foregoing, CNS respectfully requests that the Idaho courts adopt the electronic in-box solution previously suggested, starting with Ada County as a pilot county, thereby ensuring the press can review newly e-filed complaints in a timely manner irrespective of whether those complaints have been administratively processed. As I indicated previously, CNS has personnel available to assist the Court in implementing such a system and would be happy to arrange a meeting and/or call with the Court's personnel to begin this process.

Please let me know how you would like to proceed.

Sincerely,

Debora K. Kristensen

cc:   Chief Justice Roger Burdick, Idaho Supreme Court
      Sara Thomas, Administrative Director of Courts
      Kevin Iwersen, Chief Information Officer, Idaho Supreme Court
      Chris Rich, Clerk, Ada County

# GIVENS PURSLEY LLP
Attorneys and Counselors at Law

601 W. Bannock Street
PO Box 2720
Boise, ID 83701
Telephone: 208-388-1200
Facsimile: 208-388-1300

www.givenspursley.com

Debora K. Kristensen
(208) 388-1287
dkk@givenspursley.com

Gary G. Allen
Peter G. Barton
Christopher J. Beeson
Jason J. Blakley
Clint R. Bolinder
Erik J. Bolinder
Jeff W. Bower
Preston N. Carter
Jeremy C. Chou
William C. Cole
Michael C. Creamer
Amber N. Dina
Bradley J. Dixon
Thomas E. Dvorak
Jeffrey C. Fereday
Martin C. Hendrickson

Brian J. Holleran
Kersti H. Kennedy
Dan E. Knickrehm
Neal A. Koskella
Debora K. Kristensen
Michael P. Lawrence
Franklin G. Lee
David R. Lombardi
Kimberly D. Maloney
Kenneth R. McClure
Kelly Greene McConnell
Alex P. McLaughlin
Melodie A. McQuade
Christopher H. Meyer
L. Edward Miller

Patrick J. Miller
Judson B. Montgomery
Deborah E. Nelson
W. Hugh O'Riordan, LL.M.
Michael O. Roe
Jamie C. Smith
P. Mark Thompson
Jeffrey A. Warr
Robert B. White

Angela M. Reed, of counsel

Kenneth L. Pursley (1940-2015)
James A. McClure (1924-2011)
Raymond D. Givens (1917-2008)

April 28, 2016

**VIA ELECTRONIC MAIL**
Christopher Rich
Clerk, Ada County
200 W. Front Street
Boise, ID 83702-7300

Re: *Access to Newly Filed Complaints Under Odyssey Case Management System*

Dear Chris:

I represent Courthouse News Service ("CNS"), a nationwide news organization that reports on new civil litigation filings. As you may recall, back in 2013 we met to discuss concerns about delays that CNS was experiencing in accessing new civil complaints at the Ada County Courthouse. You and your staff were very helpful in addressing those concerns and instituting procedures that helped ensure timely access to most new civil actions. Same day access to new complaints is essential to CNS's ability to inform its subscribers – and, through its web site, the general public – of newsworthy new lawsuits while they are most newsworthy. Conversely, delays of even one day mean news reporting about new actions is likely to be less accurate, subject to manipulation by plaintiffs who leak complaints to favored parties, and less likely to capture the attention of the public. Ada County has largely achieved the goal of same day access to new civil case filings, although there continue to be exceptions to this rule.[1]

Given CNS's nationwide reach, it has worked with numerous other jurisdictions as they have transitioned to electronic filing ("e-filing"), and has found that absent steps to prevent it, e-filing can bring about delays in accessing new civil filings even where none existed before. Conversely, e-filing also presents courts with an opportunity to eliminate any delays that previously existed by adopting an electronic in-box, as explained more fully below. Given the fast-approaching conversion to the Odyssey Case Management system and e-filing, CNS has

---

[1] *See* attached Ada County District Court Media Access Log.

Chris Rich, Clerk
Ada County
April 28, 2016
Page 2

some relevant insights and suggestions on how Ada County might work to ensure same day access under this new system.

*New Rules for Accessing Electronically Filed Records*

On January 7, 2016, the Idaho Supreme Court entered an order to effectuate the state's upgrade and change to e-filing in its district courts. This order, entitled "In re: Order Amending Rule on Electronic Filing and Service" ("Order"), specifically defines "electronic filing" and the procedures to be followed by litigants and court personnel. Section (e)(3) of the Order acknowledges the anticipated delay between "filing" and "accepting" an electronic document by addressing potential issues of documents being placed in an "error queue," weekend filings and statute of limitations problems. From the various training sessions that I have attended recently, I am told that litigants who file incorrectly will be given up to three (3) days to correct the problem and still be able to retain their original (earlier) filing date. As such, it is foreseeable that new civil case filings could be unavailable to the public for many days while they sit in an error queue awaiting further action by the clerk and/or litigant. Obviously, this would represent a significant degradation in timely public access to new civil case filings.

*Lessons Learned from Other Jurisdictions*

Thankfully, Idaho is not the first jurisdiction to transition to e-filing using Tyler Technology's Odyssey software. The most common and cost-efficient solution for providing access under the Odyssey system – and under other e-filing systems as well – has been to provide the public with access to a computer terminal at the clerk's office from which the media and any interested member of the public can view the electronic queue that new civil complaints flow into as soon as they are received by the clerk's office, even if they have not yet been officially "accepted." This allows the public to see what has been filed with the court without delay, providing near 100% same day access, and does not impede the clerk's ability to review and correct the filing if necessary.

The most recent example of a state court's implementation of the "electronic in-box" solution can be found at the Superior Court of DeKalb County in Decatur, Georgia, which offers permissive e-filing using Tyler Technology's Odyssey software. Prior to February of 2016, CNS's reporter had access to paper-filed complaints prior to those complaints being filed and scanned, with the media having access to the clerk's intake box. E-filed complaints were made available on public computer terminals in the clerk's office, but not before they had been fully processed, as evidenced by their date stamps and permanent case numbers, the result of which was that access to most e-filed complaints was delayed by a day or more. In February 2016, however, the clerk's office adopted an electronic in-box, through which complaints can be viewed on a computer terminal as soon as they cross the electronic version of the intake counter at the clerk's office, even if they have not yet been processed or assigned a case number. Through this system members of the public are now able to see virtually all new electronically

Chris Rich, Clerk
Ada County
April 28, 2016
Page 3

filed complaints the same day they are received by the court. A similar system is used in other state courts in Georgia (the Fulton County State Court in Atlanta) and in Las Vegas, Nevada, both of which also use Odyssey software. For a tutorial on how these courts manage their electronic in-box access, *see* attached **Exhibit 1**.

The electronic in-box solution has also worked well outside of the Odyssey system, including in state courts in Alabama, Connecticut and Utah, as well as in numerous federal courts. For example, complaints filed in most federal district courts automatically receive a permanent case number and flow automatically online for remote viewing over PACER. In other federal district courts CNS, sees new complaints with either an individual temporary number or a common shell number immediately on receipt by the court, before any processing by court clerks and before receipt of a permanent case number.

*Proposal – Request to Meet*

Michael Mehall from the Idaho Supreme Court recently informed me that Ada County's "go-live" date of June 2016 to transition to the Odyssey software has recently been pushed back (again), although he was unsure of the new "go-live" date. While the transition date is fast-approaching, CNS believes that there is still time for your office to put in place the necessary measures to ensure that the public continues to receive same-day access to new case filings. To that end, CNS proposes that your office adopt the same procedures used by numerous other courts to ensure timely public access to such filings through the use of an electronic in-box (as described above).

As previously mentioned, CNS has experience in dealing with these issues around the country. Accordingly, we would like to meet with you and/or your staff to discuss how best to ensure that Ada County's transition to e-filing does not result in a significant decline in timely access to new case filings. Please let me know when you are available for such a meeting.

Thank you for your continued cooperation in this matter.

Sincerely,

Debora K. Kristensen

cc:    Clients
8823966_1 [10429-2]

Ada County District Court Media Access Log
4/4/2016 - 4/22/2016

Cutoff
5:00 PM

| | # of Cases | | Percent of Total |
|---|---|---|---|
| Green = same day access | 44 | | 74.6% same day |
| Yellow = 1 day delay | 11 | | 18.6% next day |
| Red = 2 or more days delay | 4 | | 6.8% two days or more |
| Total Cases | 59 | | |

| Date Filed | Case Number | Time Stamp | Nature of Case | Date Available | Mail/Shelf | Clerk |
|---|---|---|---|---|---|---|
| 4/4/2016 | CV-OC-2016-06637 | 3:00 p.m. | Contract | 4/4/2016 | Shelf | Stacey Lafferty |
| 4/4/2016 | CV-OC-2016-06639 | 3:01 p.m. | Contract | 4/4/2016 | Shelf | Stacey Lafferty |
| 4/4/2016 | CV-OC-2016-06640 | 3:31 p.m. | Contract | 4/4/2016 | Shelf | Stephanie Vidak |
| 4/4/2016 | CV-OC-2016-06646 | 3:56 p.m. | Foreclosure | 4/4/2016 | Shelf | Austin Lowe |
| 4/4/2016 | CV-OC-2016-06526 | n/a | Contract | 4/5/2016 | Shelf | n/a |
| 4/5/2016 | CV-OC-2016-06687 | 11:36 a.m. | Petition | 4/5/2016 | Shelf | Alesia Butts |
| 4/5/2016 | CV-SC-2016-06698 | 1:40 p.m. | Fraud | 4/5/2016 | Shelf | Tyler Atkinson |
| 4/5/2016 | CV-OC-2016-06700 | 2:22 p.m. | Contract | 4/5/2016 | Shelf | Tyler Atkinson |
| 4/5/2016 | CV-SC-2016-06668 | 10:20 a.m. | Construction defects | 4/5/2016 | Shelf | Santiago Barrios |
| 4/5/2016 | CV-OC-2016-06708 | 3:16 p.m. | Contract | 4/5/2016 | Shelf | Austin Lowe |
| 4/5/2016 | CV-OC-2016-06710 | 3:25 p.m. | Contract | 4/5/2016 | Shelf | Stephanie Vidak |
| 4/5/2016 | CV-OC-2016-06715 | 4:07 p.m. | Petition | 4/5/2016 | Shelf | Alesia Butts |
| 4/6/2016 | CV-SC-2016-06734 | 11:25 a.m. | Negligence | 4/6/2016 | Shelf | Stephanie Vidak |
| 4/6/2016 | CV-OC-2016-06768 | n/a | Contract | 4/6/2016 | Shelf | Santiago Barrios |
| 4/6/2016 | CV-OC-2016-06770 | 4:29 p.m. | Quiet title | 4/6/2016 | Shelf | Stephanie Vidak |
| 4/6/2016 | CV-OC-2016-06767 | 3:54 p.m. | Contract | 4/6/2016 | Shelf | Alesia Butts |
| 4/7/2016 | OC-SC-2016-06821 | n/a | Contract | 4/7/2016 | Shelf | n/a |
| 4/7/2016 | OC-OC-2016-06836 | 4:23 p.m. | Eviction | 4/7/2016 | Shelf | Stacey Lafferty |
| 4/7/2016 | CV-OC-2016-06841 | 4:57 p.m. | Mechanics lien | 4/8/2016 | Shelf | Santiago Burrios |
| 4/8/2016 | CV-OC-2016-06852 | n/a | Contract | 4/8/2016 | shelf | n/a |

| Date | Case Number | Time | Case Type | Date | Shelf | Name |
|---|---|---|---|---|---|---|
| 4/8/2016 | CV-OC-2016-06884 | 3:00 p.m. | Negligence | 4/8/2016 | Shelf | Santiago Burrios |
| 4/8/2016 | CV-OC-2016-06885 | 2:37 p.m. | Contract | 4/8/2016 | Shelf | Santiago Burrios |
| 4/8/2016 | CV-PI-2016-06896 | 4:28 p.m. | Slip and fall | 4/11/2016 | Shelf | Stephanie Vidak |
| 4/8/2016 | CV-OC-2016-06880 | 2:25 p.m. | Foreclosure | 4/11/2016 | Shelf | Santiago Barrios |
| 4/11/2016 | CV-SC-2016-06918 | 11 a.m. | Contract | 4/11/2016 | Shelf | Alesia Butts |
| 4/11/2016 | CV-OC-2016-06951 | 2:53 p.m. | Contract | 4/11/2016 | Shelf | Stacey Lafferty |
| 4/11/2016 | CV-OC-2016-06969 | 4:00 p.m. | Employment | 4/11/2016 | Shelf | Santiago Burrios |
| 4/11/2016 | CV-OC-2016-06975 | 5:00 p.m. | Fraud | 4/12/2016 | Shelf | Austin Lowe |
| 4/11/2016 | CV-SC-2016-06973 | 5:00 p.m. | Contract | 4/12/2016 | Shelf | Alesia Butts |
| 4/12/2016 | CV-OC-2016-07031 | 3:37 p.m. | Foreign judgment | 4/12/2016 | Shelf | Austin Lowe |
| 4/12/2016 | CV-PI-2016-07046 | 4:28 p.m. | Slip and fall | 4/12/2016 | Shelf | Stephanie Vidak |
| 4/12/2016 | CV-PI-2016-07050 | 4:40 p.m. | Negligence | 4/13/2016 | Shelf | Tyler Atkinson |
| 4/13/2016 | CV-SC-2016-07063 | 9:57 a.m. | Contract | 4/13/2016 | Shelf | Austin Lowe |
| 4/13/2016 | CV-SC-2016-07134 | 4:15 p.m. | Contract and Fraud | 4/13/2016 | Shelf | Tyler Atkinson |
| 4/14/2016 | CV-PI-2016-07150 | 9:53 a.m. | Contract | 4/14/2016 | Shelf | Alesia Butts |
| 4/14/2016 | CV-SC-2016-07160 | 10:56 a.m. | Contract | 4/14/2016 | Shelf | Austin Lowe |
| 4/14/2016 | CV-OC-2016-07189 | n/a | Contract | 4/14/2016 | Shelf | Tyler Atkinson |
| 4/14/2016 | CV-PI-2016-07196 | 4 p.m. | Car collision | 4/15/2016 | Shelf | Stacey Lafferty |
| 4/14/2016 | CV-OC-2016-07186 | 3:26 p.m. | Lien foreclosure | 4/15/2016 | Shelf | Austin Lowe |
| 4/15/2016 | CV-SC-2016-07209 | 10 a.m. | Contract | 4/15/2016 | Shelf | Tyler Atkinson |
| 4/15/2016 | CV-SC-2016-07257 | 4:33 p.m. | Contract | 4/15/2016 | Shelf | Stacey Lafferty |
| 4/18/2016 | CV-OC-2016-07396 | n/a | Fraud | 4/18/2016 | Shelf | Alesia Butts |
| 4/18/2016 | CV-OC-2016-07387 | 1:59 p.m. | Petition | 4/18/2016 | Shelf | Austin Lowe |
| 4/18/2016 | CV-OC-2016-07407 | 4:16 p.m. | Foreclosure | 4/18/2016 | Shelf | Tyler Atkinson |
| 4/18/2016 | CV-OC-2016-07418 | 4:41 p.m. | Contract | 4/19/2016 | Shelf | Alesia Butts |
| 4/18/2016 | CV-OC-2016-07359 | 8:53 a.m. | Contract | 4/19/2016 | Shelf | Austin Lowe |
| 4/19/2016 | CV-OC-2016-07452 | 1:20 p.m. | Negligence | 4/19/2016 | Shelf | Alesia Butts |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/19/2016 | CV-OC-2016-07471 | 4:01 p.m. | Foreclosure | 4/19/2016 | Mail | Tyler Atkinson |
| 4/19/2016 | CV-OC-2016-07423 | 9:26 a.m. | Foreclosure | 4/19/2016 | Shelf | Stacey Lafferty |
| 4/20/2016 | CV-OC-2016-07505 | 12:55 p.m. | Foreclosure | 4/20/2016 | Mail | Stacey Lafferty |
| 4/20/2016 | CV-OC-2016-07564 | 4:17 p.m. | Contract | 4/20/2016 | Shelf | Alesia Butts |
| 4/21/2016 | CV-OC-2016-07653 | 2:03 p.m. | Petition | 4/21/2016 | Shelf | Austin Lowe |
| 4/21/2016 | CV-SC-2016-07654 | 2:15 p.m. | Contract | 4/21/2016 | Shelf | Santiago Barrios |
| 4/21/2016 | CV-PI-2016-07634 | 12:23 p.m. | Negligence | 4/22/2016 | Shelf | Alesia Butts |
| 4/21/2016 | CV-OC-2016-07707 | 4:50 p.m. | Contract | 4/22/2016 | Shelf | Alesia Butts |
| 4/22/2016 | CV-OC-2016-07804 | n/a | Contract | 4/22/2016 | Shelf | Tyler Atkinson |
| 4/22/2016 | CV-OC-2016-07727 | 11 a.m. | Contract | 4/22/2016 | Shelf | Alesia Butts |
| 4/22/2016 | CV-PI-2016-07820 | 4:44 p.m. | Negligence | 4/25/2016 | Shelf | Austin Lowe |
| 4/22/2016 | CV-OC-2016-07818 | 4:30 p.m. | Petition | 4/25/2016 | Shelf | Alesia Butts |

# EXHIBIT 1

**State of Georgia Civil E-filing**
**Electronic Inbox Requirement**

**State Court of Fulton County Implementation**

Georgia courts and their electronic filing service providers are required "to ensure[] that electronic documents are publicly accessible upon filing for viewing at no charge on a public access terminal available at the courthouse during regular business hours." Judicial Council of Georgia, Statewide Minimum Standards for E-Filing at ¶¶ 3(d), 4(c), available at http://www.georgiacourts.org/sites/default/files/Statewide%2520Minimum%2520Standards%2520for%2 520E-filing%25209.25.2014.pdf.[1]

This so-called electronic inbox requirement was implemented in November 2015 by the State Court of Fulton County and its electronic filing service provider, Tyler.

Users of the State Court of Fulton County electronic inbox must acknowledge by signature the following notice:

> **IMPORTANT NOTICE REGARDING CLERK PROCESSING**: Electronic inbox access to electronic documents is being provided pursuant to paragraphs 3(d) and 4(c) of the Statewide Minimum Standards for Electronic Filing promulgated by the Judicial Council of Georgia effective September 25, 2014. Pursuant to Uniform Rule 36.16(D), complaints and other documents accessible through this electronic inbox are presumed filed upon their receipt by the Court's electronic filing service provider. However, the documents have not yet been processed and accepted by the Clerk of Court and, prior to processing, there is no guarantee that the documents will be accepted, assigned a case number, or placed on the docket with the Court.

What follows is a brief tour of the State Court of Fulton County's electronic inbox, as documented November 18, 2015.

---

[1] Court rules approved by the Georgia Supreme Court define "upon filing" for these purposes as "upon ... receipt by the electronic filing service provider." Uniform Superior Court Rule 36.16 (D), (G), available at http://www.gasupreme.us/wp-content/uploads/2015/06/ORDER_MAY2015_FINAL.pdf.

1) There are seven public computer terminals in the Fulton County State Court self-help center. The screen shot below shows the desktop of one of those computers, and the icon near the center of the screen reads "InBox Press Review."



2) Double clicking on the desktop icon brings users to the log-in screen below.  Log-in credentials are obtained by requesting them at the front desk of the self-help center.  When requesting these credentials, users are asked to put their name on a sign-in sheet and to sign the disclaimer reproduced above.





3

3) This is what the default screen looks like upon login. Filed documents are available going back for a period of 8 days. To the extent documents are already associated with a filed case, a case number appears in the case number column.





4) Documents in the inbox can be searched using the search bar in the upper right hand corner of the inbox. As shown below, documents not yet processed and associated with a filed case are designated by the language "new case" and an ID number in place of a case number. Documents can also be searched by date of filing or document type and sorted such that the most recently filed documents appear first.



5) To open a document, users simply click on the document title, which opens a PDF. The image below is of a "New Case" complaint that has not yet been processed.



*Ada County*
CLERK
OF THE DISTRICT COURT

Christopher D. Rich
Clerk of the District Court

Phil McGrane
Chief Deputy

200 W Front Street, Boise, Idaho 83702      Phone (208) 287-6879      Fax (208) 287-6909

May 6, 2016

RECEIVED
MAY 1 0 2016
Givens Pursley, LLP

Justice Linda Copple Trout
Interim Administrative Director of Courts
Idaho Supreme Court
PO Box 83720
Boise, ID 83720-0101

Kevin Iwersen
Chief Information Officer
Idaho Supreme Court
PO Box 83720
Boise, ID 83720-0101

Debora K. Kristensen
Partner
Givens Pursley
PO Box 2720
Boise, ID 83701

Greetings All:

Recently I was contacted by Ms. Kristensen regarding her client Courthouse News Service's ("CSN") ability to access new civil complaints after the Odyssey go-live.

Currently, the Ada County Clerk's office operates in a paper environment. Years ago, CSN requested to view new civil actions the same day they are filed. We adjusted our manual practices to provide CSN same day access to the paper record.

As I understand Ms. Kristensen's request; CSN is seeking same day access to the digital record even if it has not yet been officially "accepted". This would be accomplished via a public terminal that would have access to a queue specifically designed for this purpose.

The ability to create a queue within Odyssey, and to allow access to the queue, fall under the guidelines and authorities established by the Idaho Supreme Court. As Clerk, I am not in a position to assist CSN. Hence this introduction to the parties that can resolve the matter.

If I can be of assistance, please do not hesitate to contact me, and good luck.

Sincerely,

Christopher D. Rich

## Media Access to New Civil Complaints in the E-Filing Environment
### Prepared by Courthouse News Service - August 2016

The transition to e-filing presents the Idaho courts with the opportunity to ensure consistent timely press access to new civil complaints on a statewide basis comparable to that traditionally available in the paper filing environment.

Courthouse News Service ("CNS") respectfully proposes that access to new civil e-filed complaints filed in Idaho courts take place at the point of receipt, prior to clerk processing, a set of administrative tasks that in the e-filing environment often includes but is not limited to official "acceptance" of the complaint by a court clerk.  Press access at the point of receipt – ideally at the Electronic Filing Manager ("EFM") level – mirrors traditional press access to paper filings, which traditionally occurs at the time of or soon after new complaints cross the file desk, on the day of receipt, irrespective of whether the complaints have been processed.  By contrast, placing press access after clerk processing delays press coverage, resulting in the press and, by extension, the public receiving less timely and thus less newsworthy information about the courts.  Access at the statewide EFM level (or alternatively, individual court clerk review queue stage) is sought for all members of the news media, not just CNS.

## Media Access in an E-Filing Environment

At the Ada County Courthouse and other major state and federal courts across the nation, news reporters traditionally had access to new paper civil complaints as soon as they crossed the counter or shortly thereafter on the same day as filing.  This access is consistent with the First Amendment right of timely access, a right that a California federal district court recently found "arises when a complaint is received by a court, rather than after it is 'processed.'"  *Courthouse News Service v. Planet,* 2016 WL 4157210, *13 (C.D. Cal. May 26, 2016) (Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment).

At the United States District Court for the District of Idaho, when a new civil complaint is filed, a case number is automatically assigned and the complaint flows automatically onto PACER for viewing online for a fee or at the clerk's office free of charge.  Other federal district courts throughout the nation provide public access immediately upon receipt of an e-filing, before processing by clerks.  Such access is now the norm in federal courts around the nation.

Many state courts that mandate e-filing provide similar same-day access on receipt.  At the Clark County trial court in Las Vegas, and at the trial courts in Fulton and DeKalb Counties in Georgia – all of which, like Idaho, use a Tyler e-filing system – journalists have access to an electronic queue where new complaints can be seen immediately on receipt, even if they have not yet been processed by court clerks, and before assignment of case numbers.

The screenshots above are from the Fulton County State Court in Atlanta. The **left screenshot** displays the default screen once logged into the system. The documents can be searched and sorted by type of document or date of filing. Documents not yet processed are designated by the language "New Case" and an ID number (because a case number has not yet been assigned) are shown in the **right screenshot** above.

Alternatively, in Alabama, which operates on an OLIS e-filing platform, complaints appear to be auto-accepted and assigned a permanent case number upon receipt. They are made immediately available for electronic viewing at the courthouses and online. Cases filed on evenings and weekends can be viewed online with a permanent case number, much the same as federal courts when no clerks are working. Individual state courts in Connecticut and Utah also provide similar electronic access immediately on receipt, before processing.

The electronic in box is the functional equivalent of the physical "media box" which was, prior to e-filing, a mainstay of many intake counters at state and federal court clerks' offices across the country. It is also consistent with Central District of California's recent ruling in *Courthouse News Service v. Planet*, in which the court made clear that the First Amendment right of timely access that attaches on receipt by a court applies "regardless of whether such courts use paper or e-filing systems." 2016 WL 4157210, at *12; *see also id.* at *21.[1] By contrast, withholding access until after processing commonly results in delays of 1-2 days due to clerk's office staffing shortages, vacations, illness, and other number of other very legitimate staffing issues that result in delays in processing, and is contrary to the recent ruling in the *Planet* case.

If the state courts of Idaho were to provide access on receipt through an electronic in box at the EFM level, prior to processing, press access to e-filed complaints throughout Idaho would be consistently excellent and on par with the excellent level of access traditionally provided for paper-filed cases and now provided by the federal courts, as well as individual state courts that similarly provide access to e-filed complaints on receipt irrespective of whether the complaint has been processed.

Alternatively, electronic in box access could be provided at the individual court level, although a statewide solution would be optimal.

The diagram shown on the following page illustrates how this timely access on receipt can be provided in an e-filing environment and in a manner that does not make access contingent on a complaint having first been processed.

---

[1] The Central District of California's 2016 decision was preceded by two Ninth Circuit decisions in the same case, which are also instructive: *Courthouse News Service v. Planet*, 750 F.3d 776 (9th Cir. 2014), and *Courthouse News Service v. Planet*, 614 Fed. App'x. 912 (9th Cir. 2015). Copies of all three of these rulings are attached for further reference.

## Access to the Electronic In-box



The **green** box illustrates the electronic inbox—at either the statewide EFM level or individual court level —that CNS is respectfully proposing.  The **yellow box** illustrates the delayed access that typically occurs when press access is pushed from the intake level, as is traditional in the paper-filing environment, until after clerks have processed and/or "accepted" the electronic filing.

**Further notes about this method of access:**

**Rejected e-filings:**  If courts wish, they can use a disclaimer to let the press and public know that the records they are viewing may ultimately not be accepted for filing, or are not "official" court records.  For example, in Atlanta, users must acknowledge by signature this disclaimer:

> **IMPORTANT NOTICE REGARDING CLERK PROCESSING:**
> Electronic in box access to electronic documents is being provided pursuant to paragraphs 3(d) and 4(c) of the Statewide Minimum Standards for Electronic Filing promulgated by the Judicial Council of Georgia effective September 25, 2014.  Pursuant to Uniform Rule 36.16(D), complaints and other documents accessible through this electronic in box are presumed filed upon their receipt by the Court's electronic filing service provider.  However, the documents have not yet been processed and accepted by the Clerk of Court and, prior to processing, there is no guarantee that the documents will be accepted, assigned a case number, or placed on the docket with the Court.

Alternatively, such a notice could be shown on a computer screen prior to accessing the electronic inbox.

**Electronic in box can be provided locally or remotely:**  Access to the electronic in box can either be provided remotely over the internet or locally through computer terminals in a pressroom,

the clerk's office or in some other public place in the courthouse.  Either or both local and remote access can be used to provide press access upon receipt of new civil complaints.

**Electronic in box can be provided to the press alone or also the public:**  Unlike news reporters, members of the public tend to be interested in individual cases and do not normally have a daily need to review new complaints.  However, access to the electronic in box need not be limited to the press.

**Electronic in box ensures consistency:**  Budget constraints often mean clerks' offices are understaffed, while illnesses, vacations and other scheduling issues may prevent clerks from processing new complaints the same day they are received.  Once set up, the electronic in box provides consistent, timely access that is not dependent on work schedules or hours; clerks do not feel as though they need to "speed up" or "work harder" to provide timely access.

## Conclusion

CNS greatly appreciates the interest of the Idaho courts in maintaining timely access as it fully transitions to e-filing.  We hope the information here is helpful and we remain available to collaborate on resolving questions or concerns.  As noted, this proposal is made with the intent of ensuring continued timely access not just to CNS but to the press corps as a whole.  If we can provide further information, or be of further assistance, please let us know.

EXHIBIT 2

**EXHIBIT 2**



July 6, 2021

Debora K. Grasham
601 W. Bannock St
Boise, ID 83701

Via email: dkk@givenspursley.com

Dear Ms. Grasham:

I am in receipt of your letter dated June 14, 2021, in which you requested, on behalf of
Courthouse News Service, the installation of an additional component to the courts electronic
system.  Your request was based upon the assertion that "Delays in access to new civil
complaints in Ada County – and throughout Idaho – have been, and currently are, ongoing and
persistent."

As you may be aware, Idaho's efiling rule provides that documents submitted to Tyler's File and
Serve system are reviewed and either accepted for filing or rejected for filing by the clerk's
office after submission. If accepted for filing, any public document is immediately available for
review at the public kiosks in the courthouse. I assume that the delay concerns you express are
related to the time period between the time a document is submitted to Tyler's File and Serve
system and is accepted by the clerk's office for filing. If I have assumed incorrectly, please let
me know.

In light of the concern you raised, I did review our records for the time period of May 18th
through June 14th, essentially the month immediately prior to your letter and the most recent data
we had at that time. As you may be aware, our goal is to keep the average time from submission
to acceptance to no more than 24 hours. For ease, I reviewed the time from submission to
acceptance for filing in actual hours, not business hours, such that the hours included times
documents are submitted after business hours and cannot be processed until the court is again
open. For all court documents, the average statewide time from submission to acceptance for
filing was 14 hours. The average time in Ada county was 9 hours, with 70% of the documents
accepted on the same day they were submitted.  For civil cases, Ada county accepts documents
for filing on average just under 8 hours after submission. Given these average time frames, I did
not find a statewide or Ada county delay that was currently ongoing and persistent.

I do appreciate the need to provide public access to documents in a timely fashion while still
ensuring the fair and orderly administration of justice. In light of your allegation of persistent
delays throughout the state, I have requested that my team work with Tyler to gather ongoing
information which will allow me and other court staff to more actively monitor the relevant
timeframe and identify and respond to any systemic issues that may arise.



State of
# IDAHO
JUDICIAL BRANCH

At this time, I do not intend to request the addition of a public access system for documents that have been submitted to Tyler's File and Serve system, but have not yet been accepted for filing by the court clerks' offices. Should you identify additional information indicating an ongoing and persistent issues in the future, please do let me know.

 Sincerely,

*Sara Omundson*

Sara Omundson,
Administrative Director of Courts

EXHIBIT 3

EXHIBIT 3

# GIVENS PURSLEY LLP
Attorneys and Counselors at Law

601 W. Bannock Street
PO Box 2720
Boise, ID 83701
Telephone: 208-388-1200
Facsimile: 208-388-1300

www.givenspursley.com

Debora K. Kristensen
(208) 388-1287
dkk@givenspursley.com

Gary G. Allen
Peter G. Barton
Christopher J. Beeson
Jason J. Blakley
Clint R. Bolinder
Erik J. Bolinder
Jeff W. Bower
Preston N. Carter
Jeremy C. Chou
William C. Cole
Michael C. Creamer
Amber N. Dina
Bradley J. Dixon
Thomas E. Dvorak
Jeffrey C. Fereday
Martin C. Hendrickson

Brian J. Holleran
Kersti H. Kennedy
Don E. Knickrehm
Neal A. Koskella
Debora K. Kristensen
Michael P. Lawrence
Franklin G. Lee
David R. Lombardi
Kimberly D. Maloney
Kenneth R. McClure
Kelly Greene McConnell
Alex P. McLaughlin
Melodie A. McQuade
Christopher H. Meyer
L. Edward Miller

Patrick J. Miller
Judson B. Montgomery
Deborah E. Nelson
W. Hugh O'Riordan, LL.M.
Michael O. Roe
Jamie C. Smith
P. Mark Thompson
Jeffrey A. Warr
Robert B. White

Angela M. Reed, of counsel

Kenneth L. Pursley (1940-2015)
James A. McClure (1924-2011)
Raymond D. Givens (1917-2008)

April 28, 2016

***VIA ELECTRONIC MAIL***
Christopher Rich
Clerk, Ada County
200 W. Front Street
Boise, ID 83702-7300

      Re:    *Access to Newly Filed Complaints Under Odyssey Case Management System*

Dear Chris:

      I represent Courthouse News Service ("CNS"), a nationwide news organization that reports on new civil litigation filings. As you may recall, back in 2013 we met to discuss concerns about delays that CNS was experiencing in accessing new civil complaints at the Ada County Courthouse. You and your staff were very helpful in addressing those concerns and instituting procedures that helped ensure timely access to most new civil actions. Same day access to new complaints is essential to CNS's ability to inform its subscribers – and, through its web site, the general public – of newsworthy new lawsuits while they are most newsworthy. Conversely, delays of even one day mean news reporting about new actions is likely to be less accurate, subject to manipulation by plaintiffs who leak complaints to favored parties, and less likely to capture the attention of the public. Ada County has largely achieved the goal of same day access to new civil case filings, although there continue to be exceptions to this rule.[1]

      Given CNS's nationwide reach, it has worked with numerous other jurisdictions as they have transitioned to electronic filing ("e-filing"), and has found that absent steps to prevent it, e-filing can bring about delays in accessing new civil filings even where none existed before. Conversely, e-filing also presents courts with an opportunity to eliminate any delays that previously existed by adopting an electronic in-box, as explained more fully below. Given the fast-approaching conversion to the Odyssey Case Management system and e-filing, CNS has

---

[1] *See* attached Ada County District Court Media Access Log.

Chris Rich, Clerk
Ada County
April 28, 2016
Page 2

some relevant insights and suggestions on how Ada County might work to ensure same day
access under this new system.

### *New Rules for Accessing Electronically Filed Records*

On January 7, 2016, the Idaho Supreme Court entered an order to effectuate the state's
upgrade and change to e-filing in its district courts. This order, entitled "In re: Order Amending
Rule on Electronic Filing and Service" ("Order"), specifically defines "electronic filing" and the
procedures to be followed by litigants and court personnel. Section (e)(3) of the Order
acknowledges the anticipated delay between "filing" and "accepting" an electronic document by
addressing potential issues of documents being placed in an "error queue," weekend filings and
statute of limitations problems. From the various training sessions that I have attended recently,
I am told that litigants who file incorrectly will be given up to three (3) days to correct the
problem and still be able to retain their original (earlier) filing date. As such, it is foreseeable
that new civil case filings could be unavailable to the public for many days while they sit in an
error queue awaiting further action by the clerk and/or litigant. Obviously, this would represent
a significant degradation in timely public access to new civil case filings.

### *Lessons Learned from Other Jurisdictions*

Thankfully, Idaho is not the first jurisdiction to transition to e-filing using Tyler
Technology's Odyssey software. The most common and cost-efficient solution for providing
access under the Odyssey system – and under other e-filing systems as well – has been to
provide the public with access to a computer terminal at the clerk's office from which the media
and any interested member of the public can view the electronic queue that new civil complaints
flow into as soon as they are received by the clerk's office, even if they have not yet been
officially "accepted." This allows the public to see what has been filed with the court without
delay, providing near 100% same day access, and does not impede the clerk's ability to review
and correct the filing if necessary.

The most recent example of a state court's implementation of the "electronic in-box"
solution can be found at the Superior Court of DeKalb County in Decatur, Georgia, which offers
permissive e-filing using Tyler Technology's Odyssey software. Prior to February of 2016,
CNS's reporter had access to paper-filed complaints prior to those complaints being filed and
scanned, with the media having access to the clerk's intake box. E-filed complaints were made
available on public computer terminals in the clerk's office, but not before they had been fully
processed, as evidenced by their date stamps and permanent case numbers, the result of which
was that access to most e-filed complaints was delayed by a day or more. In February 2016,
however, the clerk's office adopted an electronic in-box, through which complaints can be
viewed on a computer terminal as soon as they cross the electronic version of the intake counter
at the clerk's office, even if they have not yet been processed or assigned a case number.
Through this system members of the public are now able to see virtually all new electronically

Chris Rich, Clerk
Ada County
April 28, 2016
Page 3

filed complaints the same day they are received by the court. A similar system is used in other state courts in Georgia (the Fulton County State Court in Atlanta) and in Las Vegas, Nevada, both of which also use Odyssey software. For a tutorial on how these courts manage their electronic in-box access, *see* attached **Exhibit 1**.

The electronic in-box solution has also worked well outside of the Odyssey system, including in state courts in Alabama, Connecticut and Utah, as well as in numerous federal courts. For example, complaints filed in most federal district courts automatically receive a permanent case number and flow automatically online for remote viewing over PACER. In other federal district courts CNS, sees new complaints with either an individual temporary number or a common shell number immediately on receipt by the court, before any processing by court clerks and before receipt of a permanent case number.

*Proposal – Request to Meet*

Michael Mehall from the Idaho Supreme Court recently informed me that Ada County's "go-live" date of June 2016 to transition to the Odyssey software has recently been pushed back (again), although he was unsure of the new "go-live" date. While the transition date is fast-approaching, CNS believes that there is still time for your office to put in place the necessary measures to ensure that the public continues to receive same-day access to new case filings. To that end, CNS proposes that your office adopt the same procedures used by numerous other courts to ensure timely public access to such filings through the use of an electronic in-box (as described above).

As previously mentioned, CNS has experience in dealing with these issues around the country. Accordingly, we would like to meet with you and/or your staff to discuss how best to ensure that Ada County's transition to e-filing does not result in a significant decline in timely access to new case filings. Please let me know when you are available for such a meeting.

Thank you for your continued cooperation in this matter.

Sincerely,

Debora K. Kristensen

cc:     Clients
8823966_1 [10429-2]

Ada County District Court Media Access Log
4/4/2016 - 4/22/2016

Cutoff
5:00 PM

| | # of Cases | | Percent of Total |
|---|---|---|---|
| Green = same day access | 44 | | 74.6% same day |
| Yellow = 1 day delay | 11 | | 18.6% next day |
| Red = 2 or more days delay | 4 | | 6.8% two days or more |
| Total Cases | 59 | | |

| Date Filed | Case Number | Time Stamp | Nature of Case | Date Available | Mail/Shelf | Clerk |
|---|---|---|---|---|---|---|
| 4/4/2016 | CV-OC-2016-06637 | 3:00 p.m. | Contract | 4/4/2016 | Shelf | Stacey Lafferty |
| 4/4/2016 | CV-OC-2016-06639 | 3:01 p.m. | Contract | 4/4/2016 | Shelf | Stacey Lafferty |
| 4/4/2016 | CV-OC-2016-06640 | 3:31 p.m. | Contract | 4/4/2016 | Shelf | Stephanie Vidak |
| 4/4/2016 | CV-OC-2016-06646 | 3:56 p.m. | Foreclosure | 4/4/2016 | Shelf | Austin Lowe |
| 4/4/2016 | CV-OC-2016-06526 | n/a | Contract | 4/5/2016 | Shelf | n/a |
| 4/5/2016 | CV-OC-2016-06687 | 11:36 a.m. | Petition | 4/5/2016 | Shelf | Alesia Butts |
| 4/5/2016 | CV-SC-2016-06698 | 1:40 p.m. | Fraud | 4/5/2016 | Shelf | Tyler Atkinson |
| 4/5/2016 | CV-OC-2016-06700 | 2:22 p.m. | Contract | 4/5/2016 | Shelf | Tyler Atkinson |
| 4/5/2016 | CV-SC-2016-06668 | 10:20 a.m. | Construction defects | 4/5/2016 | Shelf | Santiago Barrios |
| 4/5/2016 | CV-OC-2016-06708 | 3:16 p.m. | Contract | 4/5/2016 | Shelf | Austin Lowe |
| 4/5/2016 | CV-OC-2016-06710 | 3:25 p.m. | Contract | 4/5/2016 | Shelf | Stephanie Vidak |
| 4/5/2016 | CV-OC-2016-06715 | 4:07 p.m. | Petition | 4/5/2016 | Shelf | Alesia Butts |
| 4/6/2016 | CV-SC-2016-06734 | 11:25 a.m. | Negligence | 4/6/2016 | Shelf | Stephanie Vidak |
| 4/6/2016 | CV-OC-2016-06768 | n/a | Contract | 4/6/2016 | Shelf | Santiago Barrios |
| 4/6/2016 | CV-OC-2016-06770 | 4:29 p.m. | Quiet title | 4/6/2016 | Shelf | Stephanie Vidak |
| 4/6/2016 | CV-OC-2016-06767 | 3:54 p.m. | Contract | 4/6/2016 | Shelf | Alesia Butts |
| 4/7/2016 | OC-SC-2016-06821 | n/a | Contract | 4/7/2016 | Shelf | n/a |
| 4/7/2016 | OC-OC-2016-06836 | 4:23 p.m. | Eviction | 4/7/2016 | Shelf | Stacey Lafferty |
| 4/7/2016 | CV-OC-2016-06841 | 4:57 p.m. | Mechanics lien | 4/8/2016 | Shelf | Santiago Burrios |
| 4/8/2016 | CV-OC-2016-06852 | n/a | Contract | 4/8/2016 | shelf | n/a |

| Date | Case Number | Time | Type | Shelf | Name |
|---|---|---|---|---|---|
| 4/8/2016 | CV-OC-2016-06884 | 3:00 p.m. | Negligence | Shelf | Santiago Burrios |
| 4/8/2016 | CV-OC-2016-06885 | 2:37 p.m. | Contract | Shelf | Santiago Burrios |
| 4/8/2016 | CV-PI-2016-06896 | 4:28 p.m. | Slip and fall | Shelf | Stephanie Vidak |
| 4/8/2016 | CV-OC-2016-06880 | 2:25 p.m. | Foreclosure | Shelf | Santiago Barrios |
| | | | | | |
| 4/11/2016 | CV-SC-2016-06918 | 11 a.m. | Contract | Shelf | Alesia Butts |
| 4/11/2016 | CV-OC-2016-06951 | 2:53 p.m. | Contract | Shelf | Stacey Lafferty |
| 4/11/2016 | CV-OC-2016-06969 | 4:00 p.m. | Employment | Shelf | Santiago Burrios |
| 4/11/2016 | CV-OC-2016-06975 | 5:00 p.m. | Fraud | Shelf | Austin Lowe |
| 4/11/2016 | CV-SC-2016-06973 | 5:00 p.m. | Contract | Shelf | Alesia Butts |
| | | | | | |
| 4/12/2016 | CV-OC-2016-07031 | 3:37 p.m. | Foreign judgment | Shelf | Austin Lowe |
| 4/12/2016 | CV-PI-2016-07046 | 4:28 p.m. | Slip and fall | Shelf | Stephanie Vidak |
| 4/12/2016 | CV-PI-2016-07050 | 4:40 p.m. | Negligence | Shelf | Tyler Atkinson |
| | | | | | |
| 4/13/2016 | CV-SC-2016-07063 | 9:57 a.m. | Contract | Shelf | Austin Lowe |
| 4/13/2016 | CV-SC-2016-07134 | 4:15 p.m. | Contract and Fraud | Shelf | Tyler Atkinson |
| | | | | | |
| 4/14/2016 | CV-PI-2016-07150 | 9:53 a.m. | Contract | Shelf | Alesia Butts |
| 4/14/2016 | CV-SC-2016-07160 | 10:56 a.m. | Contract | Shelf | Austin Lowe |
| 4/14/2016 | CV-OC-2016-07189 | n/a | Contract | Shelf | Tyler Atkinson |
| 4/14/2016 | CV-PI-2016-07196 | 4 p.m. | Car collision | Shelf | Stacey Lafferty |
| 4/14/2016 | CV-OC-2016-07186 | 3:26 p.m. | Lien foreclosure | Shelf | Austin Lowe |
| | | | | | |
| 4/15/2016 | CV-SC-2016-07209 | 10 a.m. | Contract | Shelf | Tyler Atkinson |
| 4/15/2016 | CV-SC-2016-07257 | 4:33 p.m. | Contract | Shelf | Stacey Lafferty |
| | | | | | |
| 4/18/2016 | CV-OC-2016-07396 | n/a | Fraud | Shelf | Alesia Butts |
| 4/18/2016 | CV-OC-2016-07387 | 1:59 p.m. | Petition | Shelf | Austin Lowe |
| 4/18/2016 | CV-OC-2016-07407 | 4:16 p.m. | Foreclosure | Shelf | Tyler Atkinson |
| 4/18/2016 | CV-OC-2016-07418 | 4:41 p.m. | Contract | Shelf | Alesia Butts |
| 4/18/2016 | CV-OC-2016-07359 | 8:53 a.m. | Contract | Shelf | Austin Lowe |
| | | | | | |
| 4/19/2016 | CV-OC-2016-07452 | 1:20 p.m. | Negligence | Shelf | Alesia Butts |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4/19/2016 | CV-OC-2016-07471 | 4:01 p.m. | Foreclosure | | 4/19/2016 | Mail | Tyler Atkinson |
| 4/19/2016 | CV-OC-2016-07423 | 9:26 a.m. | Foreclosure | | 4/19/2016 | Shelf | Stacey Lafferty |
| 4/20/2016 | CV-OC-2016-07505 | 12:55 p.m. | Foreclosure | | 4/20/2016 | Mail | Stacey Lafferty |
| 4/20/2016 | CV-OC-2016-07564 | 4:17 p.m. | Contract | | 4/20/2016 | Shelf | Alesia Butts |
| 4/21/2016 | CV-OC-2016-07653 | 2:03 p.m. | Petition | | 4/21/2016 | Shelf | Austin Lowe |
| 4/21/2016 | CV-SC-2016-07654 | 2:15 p.m. | Contract | | 4/21/2016 | Shelf | Santiago Barrios |
| 4/21/2016 | CV-PI-2016-07634 | 12:23 p.m. | Negligence | | 4/22/2016 | Shelf | Alesia Butts |
| 4/21/2016 | CV-OC-2016-07707 | 4:50 p.m. | Contract | | 4/22/2016 | Shelf | Alesia Butts |
| 4/22/2016 | CV-OC-2016-07804 | n/a | Contract | | 4/22/2016 | Shelf | Tyler Atkinson |
| 4/22/2016 | CV-OC-2016-07727 | 11 a.m. | Contract | | 4/22/2016 | Shelf | Alesia Butts |
| 4/22/2016 | CV-PI-2016-07820 | 4:44 p.m. | Negligence | | 4/25/2016 | Shelf | Austin Lowe |
| 4/22/2016 | CV-OC-2016-07818 | 4:30 p.m. | Petition | | 4/25/2016 | Shelf | Alesia Butts |

# EXHIBIT 1

**State of Georgia Civil E-filing
Electronic Inbox Requirement**

**State Court of Fulton County Implementation**

Georgia courts and their electronic filing service providers are required "to ensure[] that electronic documents are publicly accessible upon filing for viewing at no charge on a public access terminal available at the courthouse during regular business hours." Judicial Council of Georgia, Statewide Minimum Standards for E-Filing at ¶¶ 3(d), 4(c), available at http://www.georgiacourts.org/sites/default/files/Statewide%2520Minimum%2520Standards%2520for%2520E-filing%25209.25.2014.pdf.[1]

This so-called electronic inbox requirement was implemented in November 2015 by the State Court of Fulton County and its electronic filing service provider, Tyler.

Users of the State Court of Fulton County electronic inbox must acknowledge by signature the following notice:

> **IMPORTANT NOTICE REGARDING CLERK PROCESSING**: Electronic inbox access to electronic documents is being provided pursuant to paragraphs 3(d) and 4(c) of the Statewide Minimum Standards for Electronic Filing promulgated by the Judicial Council of Georgia effective September 25, 2014. Pursuant to Uniform Rule 36.16(D), complaints and other documents accessible through this electronic inbox are presumed filed upon their receipt by the Court's electronic filing service provider. However, the documents have not yet been processed and accepted by the Clerk of Court and, prior to processing, there is no guarantee that the documents will be accepted, assigned a case number, or placed on the docket with the Court.

What follows is a brief tour of the State Court of Fulton County's electronic inbox, as documented November 18, 2015.

---

[1] Court rules approved by the Georgia Supreme Court define "upon filing" for these purposes as "upon ... receipt by the electronic filing service provider." Uniform Superior Court Rule 36.16 (D), (G), available at http://www.gasupreme.us/wp-content/uploads/2015/06/ORDER_MAY2015_FINAL.pdf.

1

1)  There are seven public computer terminals in the Fulton County State Court self-help center.  The screen shot below shows the desktop of one of those computers, and the icon near the center of the screen reads "InBox Press Review."



2) Double clicking on the desktop icon brings users to the log-in screen below. Log-in credentials are obtained by requesting them at the front desk of the self-help center. When requesting these credentials, users are asked to put their name on a sign-in sheet and to sign the disclaimer reproduced above.



3

3) This is what the default screen looks like upon login. Filed documents are available going back for a period of 8 days. To the extent documents are already associated with a filed case, a case number appears in the case number column.



| SubmitDate | CaseNumber | File |
|---|---|---|
| 2015/11/11 | 14EV001733 | Response to GMC Blue Inc. Supplemental MSJ.pdf |
| 2015/11/11 | 14EV001733 | Response to GMC Blue Inc, Supplemental SOMF.pdf |
| 2015/11/11 | 14EV001733 | Response to PSS Investment and Un Park MSJ.pdf |
| 2015/11/11 | 15EV001846 | Montico 11-11-15 aff svc corp sec.pdf |
| 2015/11/11 | 14EV001733 | Response to GMC Blue Service Inc. SOMFpdf.pdf |
| 2015/11/11 | 13EV018459 | 2015-11-11 NTC LOA Dalton v. Yielding (e).pdf |
| 2015/11/11 | 11VS187541 | Gayle Mitchell - Rule 5.2 COS.pdf |
| 2015/11/11 | 13VS199218 | Plaintiff's Motion to Transfer Case.pdf |
| 2015/11/11 | 15EV002558 | Plaintiff's Response to Def's Motion to Transfer Forum Non Conveniens.pdf |
| 2015/11/11 | 14EV001733 | Response to PSS SOMF.pdf |
| SubmitDate | CaseNumber | File |



4) Documents in the inbox can be searched using the search bar in the upper right hand corner of the inbox. As shown below, documents not yet processed and associated with a filed case are designated by the language "new case" and an ID number in place of a case number. Documents can also be searched by date of filing or document type and sorted such that the most recently filed documents appear first.



| SubmitDate | CaseNumber | File |
|---|---|---|
| 2015/11/18 | New Case - ID 137740 | Garnishee's Copy of Regular Garnishment.pdf |
| 2015/11/18 | New Case - ID 167295 | Complaint For Damages.pdf |
| 2015/11/18 | New Case - ID 167483 | initiation form hall.pdf |
| 2015/11/18 | New Case - ID 167483 | complaint hall.pdf |
| 2015/11/18 | New Case - ID 167483 | summons hall.pdf |
| 2015/11/18 | New Case - ID 167498 | INITIATION FORM MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | GARN SUMMONS MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | EXEMPTIONS MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | FINANCIAL WORKSHEET MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | SECOFSTATE MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | FIFA MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | AFF GARN MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | NOTICE DEBTOR MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | NOTICE GARN MILAM.pdf |
| 2015/11/18 | New Case - ID 167498 | ANSWER GARN MILAM.pdf |

5

5) To open a document, users simply click on the document title, which opens a PDF. The image below is of a "New Case" complaint that has not yet been processed.



EXHIBIT 4

**EXHIBIT 4**

Christopher D. Rich
Clerk of the District Court

Phil McGrane
Chief Deputy

200 W Front Street, Boise, Idaho 83702     Phone (208) 287-6879     Fax (208) 287-6909

May 6, 2016

RECEIVED

MAY 1 0 2016

Givens Pursley, LLP

Justice Linda Copple Trout
Interim Administrative Director of Courts
Idaho Supreme Court
PO Box 83720
Boise, ID 83720-0101

Kevin Iwersen
Chief Information Officer
Idaho Supreme Court
PO Box 83720
Boise, ID 83720-0101

Debora K. Kristensen
Partner
Givens Pursley
PO Box 2720
Boise, ID 83701

Greetings All:

Recently I was contacted by Ms. Kristensen regarding her client Courthouse News Service's ("CSN") ability to access new civil complaints after the Odyssey go-live.

Currently, the Ada County Clerk's office operates in a paper environment. Years ago, CSN requested to view new civil actions the same day they are filed. We adjusted our manual practices to provide CSN same day access to the paper record.

As I understand Ms. Kristensen's request; CSN is seeking same day access to the digital record even if it has not yet been officially "accepted". This would be accomplished via a public terminal that would have access to a queue specifically designed for this purpose.

The ability to create a queue within Odyssey, and to allow access to the queue, fall under the guidelines and authorities established by the Idaho Supreme Court. As Clerk, I am not in a position to assist CSN. Hence this introduction to the parties that can resolve the matter.

If I can be of assistance, please do not hesitate to contact me, and good luck.

Sincerely,

Christopher D. Rich

**Doc No** 2198568

Court
Ph (208) 287-6900
Fax (208) 287-6919

Auditor
Ph (208) 287-6879
Fax (208) 287-6909

Recorder
Ph (208) 287-6840
Fax (208) 287-6849

Elections
Ph (208) 287-6860
Fax (208) 287-6939

Indigent Services
Ph (208) 287-7960
Fax (208) 287-7969