Keely E. Duke
ISB #6044; ked@dukevett.com
Anne E. Henderson
ISB#10412; aeh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, ID 83707
Telephone (208) 342-3310
Facsimile (208) 342-3299

*Attorneys for Sara Omundson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>SARA OMUNDSON, in her official capacity as Administrative Director of Idaho Courts,<br><br>Defendants. | CASE NO. 1:21-CV-00305-REP<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT SARA OMUNDSON'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** |

Defendant Sara Omundson, by and through the undersigned counsel of record, Duke Evett, PLLC, submits this memorandum in support of her Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendant Sara Omundson respectfully requests that the Motion be granted.

## I.     INTRODUCTION

The Court should grant Director Omundson's motion to dismiss because CNS has failed to state a claim for which relief can be granted. As the United States Court of Appeals for the Ninth Circuit has found, there is no First Amendment right to the immediate access to newly filed civil

complaints that CNS demands in its Complaint. CNS specifically seeks immediate, pre-processing access to newly filed civil complaints. CNS has no legal basis for its requested relief.

In addition, CNS asks the Court to issue declaratory and injunctive relief not only as to Director Omundson, but as to her agents, assistants, successors, employees, and all persons acting in concert or cooperation with her, or at her direction or under her control in Idaho's state judicial system. This request asks a federal district court to exceed the "special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law."[1] If the Court grants the relief requested, it would be imposing a significant and meaningful limit on Idaho's state courts, including the independent duties conferred on the state clerks to manage state responsibilities and affairs, which are conferred by the Idaho State Constitution, state statutes, and Idaho Supreme Court rules. As such, the Court should also find that CNS's request for federal adjudication calls for abstention.

## II.    FACTUAL BACKGROUND

Court House News Service ("CNS") is a member of the press. (Compl. ¶ 11.) It has sued Sara Omundson, in her official capacity as Administrative Director of the Idaho Courts. (Compl. ¶ 12.) CNS seeks relief against Director Omundson and her agents, assistants, successors, employees, and all people acting in cooperation with her or at her direction or control. (Compl. ¶ 15.) In the Complaint, CNS asks the Court to find certain policies and processes of the Idaho state courts unconstitutional under the First and Fourteenth Amendments to the United States Constitution. (*See* Compl. ¶ ¶ 9; 12-13.)

CNS asks the court to issue declaratory relief finding Director Omundson's "policy and practice of denying access to complaints until after administrative processing are

---

[1]    *Rizzo v. Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

**MEMORANDUM IN SUPPORT OF DEFENDANT SARA OMUNDSON'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) - 2**

unconstitutional[.]" (Compl. at 15.) CNS also asks the Court to issue a preliminary and permanent injunction against Director Omundson "and her agents, assistants, successors, employees, and all persons acting in concert or cooperation with her, or at her direction or under her control, prohibiting her from continuing her policies and practices that deny Courthouse News timely access to new non-confidential civil complaints, including, inter alia, her policy and practice of denying access to complaints until after administrative processing." *Id.*

### III.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That "short and plain statement" need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017).

### IV.   ARGUMENT

A.  **CNS has failed to state a claim for which relief can be granted because, as the United States Court of Appeals for the Ninth Circuit has found, there is no First Amendment right to the immediate access to newly filed civil complaints that CNS demands in its Complaint.**

CNS alleges that it has a First Amendment right of access to civil complaints that attaches upon Idaho court's receipt of a complaint and as such, Idaho's process of performing a ministerial review of the complaints before filing them violates that right to immediate access. These

**MEMORANDUM IN SUPPORT OF DEFENDANT SARA OMUNDSON'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) - 3**

allegations fail to state a claim for relief which can be granted because Idaho's "no access before process rule" as described by CNS, is not prohibited by the First Amendment, or the pertaining rule of law set forth by the Ninth Circuit. *See Courthouse News Service v. Planet*, 750 F.3d 776 (9th Cir. 2014) ("*Planet I*") and *Courthouse News Service v. Planet*, 947 F.3d 581 (9th Cir. 2020) ("*Planet III*") (together "*Planet*").

Although the press and the public have a "qualified" First Amendment right of access to nonconfidential civil complaints that attaches when the complaint is filed, the "right does not entitle the press to immediate access to those complaints." *Planet III* at 585. The Ninth Circuit explained that "a necessary corollary of the right to access is a right to timely access," and also that the right does not entitle the press to "immediate, pre-processing access to newly filed complaints." *Id.*

As the Ninth Circuit observed:

> Even in this era of electronic filing systems, instantaneous public access to court filings, especially complaints, could impair the orderly filing and processing of cases with which clerk's offices are charged. After all, litigants are not uploading their complaints to the internet; they are filing them with a court, making them subject to judicial administration. The First Amendment does not require courts, public entities with limited resources, to set aside their judicial operational needs to satisfy the immediate demands of the press.

*Id.* at 596.

Provided the contours of the First Amendment, and the precedent set by the Ninth Circuit, CNS requests relief that is not supported by a cognizable legal theory and has thus failed to state a claim for which relief can be granted.

**B.     The Court should decline to exercise jurisdiction in this case due to the important interests of comity and federalism raised by the nature of CNS's claim and the scope of the relief requested.**

"Federal courts have a strict, but not absolute duty to exercise the jurisdiction that is conferred upon them by Congress." *Courthouse News Serv. v. Gilmer*, No. 4:21CV286 HEA, 2021 WL 2438914, at *5 (E.D. Mo. June 15, 2021) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). "[F]ederal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest, for example, where abstention is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" 517 U.S. at 716 (internal quotations and citations omitted).

There is a split in the circuits on the issue of abstention raised by similar claims to those raised in this matter. The Ninth Circuit reversed a California district court's decision to abstain under the *Pullman* and *O'Shea* doctrines. *Planet I*, 750 F.3d 776; *Planet III*, 947 F.3d 581. In the present case, the requests for relief, underpinned by the alleged facts, are sufficiently distinctive from those in *Planet* to warrant this Court's independent consideration of whether abstention is appropriate. As the Ninth Circuit has instructed:

> Using the techniques developed at common law, a court confronted with apparently controlling authority must parse the precedent in light of the facts presented and the rule announced. Insofar as there may be factual differences between the current case and the earlier one, the court must determine whether those differences are material to the application of the rule or allow the precedent to be distinguished on a principled basis.

*Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001).

In *Planet*, CNS sued the state court clerk of Ventura County, California, for denying pre-processing access to newly filed civil complaints. The district court granted Ventura County's motion to dismiss on abstention grounds, finding abstention appropriate under the *Pullman* and

**MEMORANDUM IN SUPPORT OF DEFENDANT SARA OMUNDSON'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) - 5**

*O'Shea* doctrines. The Ninth Circuit reversed, holding that because CNS was asserting its First Amendment right of timely access to public documents, *Pullman* abstention was inappropriate. The Ninth Circuit also found, that in remedying Ventura County's denial of the First Amendment right to timely access to newly filed complaints, it would not risk "an ongoing federal audit" of state judicial affairs.

There are material differences between the case before this Court and *Planet* that require the Court's abstention from adjudication of this dispute. Here, CNS has not narrowed its allegations to one Idaho county as it did in *Planet*. Instead, CNS asks the federal district court to issue declaratory and injunctive relief to apply across all of Idaho's state judicial districts, and to each and every alleged agent, assistant, and employee of Director Omundson. The requested relief would also apply in the future to Director Omundson's successors, and to all people acting in concert or cooperation with her, or at her direction or under her control—which could include contractors and other third parties. Notably, Director Omundson does not have the authority or control alleged by CNS in its Complaint. Idaho's county clerks are elected officials, who have independent duties and rights conferred by the Constitution of the State of Idaho, state statutes, and Idaho Supreme Court rules.[2] These issues aside, assuming only for purposes of this Motion that Ms. Omundson has the control and authority alleged by CNS –which she does not– the Court should decline to exercise its jurisdiction.

CNS has also suggested Idaho should obtain additional software with third-party vendor, Tyler Technologies, Inc., to enable CNS immediate pre-processing access to newly filed civil

---

[2]   According to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record while keeping this motion within the boundaries of a motion to dismiss.

*See e.g*. Constitution of the State of Idaho, Article 5, Section 16; Idaho Code §§ 1-1001; 31-2001; Idaho Court Administrative Rule 31; Idaho Rules for Electronic Filing and Service.

**MEMORANDUM IN SUPPORT OF DEFENDANT SARA OMUNDSON'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) - 6**

complaints. (*See* Compl. ¶¶ 3-4.) This request is materially different from the scenario in *Planet*, where the solution to the alleged delay in access was arrived at by Ventura County itself and was available to the County without additional staffing or third-party contracting expenses. *See Planet III* at 587. Here, CNS seemingly asks the Court to direct Idaho to make a contracting decision with a for profit business entity for CNS's benefit. This suggestion, if adopted, would plainly disregard the comity between the states and the federal government.

Considering the scope and nature of the relief CNS requests, the Court should decline to exercise jurisdiction based on the principles of federalism most specifically expressed in the *Younger* doctrine, as extended by *O'Shea* and *Rizzo*. *See e.g. Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *O'Shea v. Littleton*, 414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); and *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 607–08, 46 L. Ed. 2d 561 (1976).

In general, "*Younger* abstention ordinarily requires federal courts to refrain from exercising jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *Courthouse News Service v. Brown*, 908 F.3d 1063 at 1071 (7th Cir. 2018) (internal citations omitted). Though formed in the criminal context, the Supreme Court extended the *Younger* doctrine to civil proceedings. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–04, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). While only directly applicable in the presence of ongoing state court or administrative proceedings, *Younger's* principle that federal courts should not exercise jurisdiction when that exercise would disregard the comity between the states and the federal government has been extended through *Rizzo*.

In *Rizzo*, the Supreme Court extended *Younger's* principles to limit federal court review of city officials' executive actions. 423 U.S. at 366, 96 S.Ct. 598. "When a plaintiff seeks to enjoin the activity of a government agency, even within a unitary court system, [its] case must

**MEMORANDUM IN SUPPORT OF DEFENDANT SARA OMUNDSON'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) - 7**

contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378–79, 96 S. Ct. 598, 607–08, 46 L. Ed. 2d 561 (1976) (internal citations omitted).

In the face of well-established principles of equity, comity, and federalism, it is not appropriate for the federal court to fashion the broad-scoped relief CNS requests here. As the Seventh Circuit noted in *Brown*, abstention is "particularly appropriate" as courts "continue to transition to electronic filing and, like many courts across the country, are working through the associated implementation challenges and resource limitations." 908 F.3d at 1074. Necessarily implicated in CNS's factual allegations in the Complaint is the time period of alleged delays in access, May and June of 2021, a time when Idaho's courts were grappling with the administrative, staffing, and practical every day impacts of a world-wide pandemic. Provided the this, the Court should exercise its discretion and abstain from adjudicating this matter.

## V.     CONCLUSION

For the foregoing reasons, Defendant Sara Omundson respectfully requests that the Court grant her Motion to Dismiss.

DATED this 10th day of September, 2021.

>                              DUKE EVETT, PLLC
>
>                              By /s/Keely E. Duke
>                                  Keely E. Duke – Of the Firm
>                                  Anne E. Henderson – Of the Firm
>                                  *Attorneys for Sara Omundson*

## CERTIFICATE OF SERVICE

      I hereby certify that on __day of September, 2021, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

| | |
|---|---|
| Debora Kristensen Grasham | dkk@givenspursley.com |
| Katherine A. Keating | katherin.keating@bclplaw |
| Jonathan G. Fetterly | jon.fetterly@bclplaw.com |

      /s/Keely E. Duke
      Keely E. Duke